[Civ. No. 20285. Third Dist. Mar. 24, 1982.]

COREY WESTON CHAMBLIN, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE STOCKTON JUDICIAL
DISTRICT OF SAN JOAQUIN COUNTY, Defendant and
Respondent;
THE PEOPLE ex rel. JOSEPH BAKER, as District Attorney, etc.,
Real Party in Interest and Respondent.

COUNSEL

Robert N. Chargin, Public Defender, Deborah Fialkowski and David Wellenbrock, Deputy Public Defenders, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Vincent J. Scally, Jr., and Nancy Sweet, Deputy Attorneys General, for Real Party in Interest and Respondent.

OPINION

REYNOSO, J.*—Appellant argues that the People are collaterally estopped from proceeding with the criminal charges because in a prior probation revocation hearing the trial judge did not find those charges to be true. He appeals from the superior court's denial of his petition for a writ of prohibition to prevent the respondent municipal court from proceeding with charges of certain violations of the Vehicle Code. We affirm the ruling of the superior court.

---

*Assigned by the Chairperson of the Judicial Council.

## I

There is no dispute as to the factual background. In November 1977, appellant was convicted by the Stockton Municipal Court of a violation of Penal Code section 415 (fighting, causing loud noise, or using offensive words in public). A sentence of 90 days in jail was imposed but suspended, and appellant was placed on 3 years probation. A condition of his probation was that appellant obey all laws.

Over two years later, in early January of 1980, a criminal complaint was filed in the respondent municipal court charging appellant with violations of: Penal Code sections 594 (vandalism), and 148 (resisting an officer); Vehicle Code sections 23102, subdivision (a) (driving while under the influence of drugs and/or alcohol); and 12951 (failure to possess a license). On January 16, 1980, an order to show cause was issued charging a violation of the probation granted in the prior case by appellant's disobedience of the above laws.

A hearing on the order to show cause was held in March 1980. It was shown that California Highway Patrol officers on routine patrol on January 7, 1980, had observed appellant's car make an illegal "U" turn. They followed and a chase ensued. Eventually appellant was arrested at his mother's house after resisting the officers and damaging their vehicle. The evidence was conflicting as to whether appellant was the driver of the vehicle. The officers testified that when the car stopped appellant got out of it through the driver's door, and then a second person got out. Appellant denied driving the car and testified that the other person was in fact the driver. When the car stopped he got out first by kicking the seat forward. Appellant's mother and another witness likewise testified that appellant was not the driver. Based upon the evidence the trial judge revoked appellant's probation, finding that he had violated Penal Code sections 148 and 594. The judge stated that in view of the conflict in the evidence he would not find that defendant was the driver of the vehicle.

When the order revoking probation became final appellant filed a motion to dismiss the Vehicle Code charges in the pending criminal action. That motion was denied, and the complaint was subsequently amended to charge reckless driving (Veh. Code, § 23103), as an alternative to the charge of driving while under the influence of alcohol and/or drugs. (Veh. Code, § 23102, subd. (a).) Appellant petitioned for

a writ of prohibition in the superior court which issued an order to show cause, heard argument, and denied the petition.

## II

We turn to a discussion of the doctrine of collateral estoppel. Initially, we note that we are not concerned with either the proscription against double jeopardy or the merger and bar aspects of res judicata. Jeopardy attaches in a criminal prosecution only when trial commences and the jury is sworn. (*Jackson* v. *Superior Court* (1937) 10 Cal.2d 350, 356 [74 P.2d 243, 113 A.L.R. 1422].) And the merger and bar aspects of res judicata apply only when the second proceeding involves the identical cause of action determined in the first proceeding. (*People* v. *Gephart* (1979) 93 Cal.App.3d 989, 999 [156 Cal. Rptr. 489].) The probation revocation hearing was not a criminal trial and did not involve the same cause of action as the later criminal prosecution.

We are concerned with that aspect of res judicata known as collateral estoppel. The People argue, however, that collateral estoppel has no application to criminal cases except through the proscription against double jeopardy, and that where jeopardy has not attached collateral estoppel cannot apply. The People recognize that we stated otherwise in *People* v. *Gephart, supra*, 93 Cal.App.3d at page 999, but urge that we reconsider. We cannot do so for in *People* v. *Taylor* (1974) 12 Cal.3d 686, at pages 692 through 695 [117 Cal.Rptr. 70, 527 P.2d 622], the Supreme Court had held that collateral estoppel may apply in criminal cases independently of double jeopardy. We are bound.

The doctrine of collateral estoppel is based upon the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy. (*Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 811 [122 P.2d 892].) The purpose of the doctrine is to promote judicial economy by minimizing repetitive litigation, to prevent inconsistent judgments which undermine the integrity of the judicial system, and to provide repose by preventing a person from being harassed by vexatious litigation. (*People* v. *Taylor, supra*, 12 Cal.3d at p. 695.) In determining whether the doctrine applies in a particular situation a court must balance the need to limit litigation against the right to a fair adversary proceeding in which a party may fully present his case. (*Ibid.*)

We have discovered no decisional authority directly involving the issue presented.[1] However, we are not without guidance. The appellate courts of this state have often considered the requirements which must be met before a prior adjudication can be considered conclusive on the issues litigated. (See *Jackson* v. *City of Sacramento* (1981) 117 Cal. App.3d 596 [172 Cal.Rptr. 826]; *Wood* v. *Herson* (1974) 39 Cal.App. 3d 737 [114 Cal.Rptr. 365]; and *Haase* v. *Lamia* (1964) 229 Cal.App. 2d 654 [40 Cal.Rptr. 518].)

The principles established by those authorities may be briefly summarized. ■ In order for collateral estoppel to be applicable, it must appear that the party against whom the doctrine is asserted had the opportunity to fully and fairly litigate the issue in an adversary proceeding; that the issue determined in the prior proceeding was identical with the issue in the present proceeding; that the issue was essential to the judgment in the prior proceeding; and that the prior proceeding resulted in a final judgment determining the issue. With these principles in mind we proceed to consider whether a decision in a probation revocation proceeding may be given collateral estoppel effect in a subsequent criminal prosecution.

■ A probation revocation hearing is not a criminal prosecution and is not intended to authorize criminal punishment. (See *In re Coughlin, supra,* 16 Cal.3d at p. 61.) It takes the form of a trial only for the probationer's own protection (*Ibid.*) It is less formal than a criminal trial. (*People* v. *Coleman* (1975) 13 Cal.3d 867, 873-875 [120 Cal.Rptr. 384, 533 P.2d 1024]; *People* v. *Vickers* (1972) 8 Cal.3d 451, 458 [105 Cal. Rptr. 305, 503 P.2d 1313].) The rules of evidence are relaxed. (*People* v. *Mason* (1960) 184 Cal.App.2d 182, 189 [7 Cal.Rptr. 525].) And in such a proceeding the People are not necessarily the moving party and might not be truly adversarial. (Pen. Code, § 1203.2, subd. (b).)

The differences between probation revocation hearings and criminal trials led the Supreme Court in *In re Coughlin, supra,* to hold that an acquittal in a criminal trial cannot be given collateral estoppel effect so as to bar a subsequent probation revocation proceeding. We believe the

---

[1]The parties correctly agree that *In re Coughlin* (1976) 16 Cal.3d 52 [127 Cal.Rptr. 337, 545 P.2d 249], is not controlling. In that case the Supreme Court decided that a prior acquittal in a criminal prosecution does not preclude the revocation of probation based upon the same facts. The court reasoned that proof beyond a reasonable doubt is required to convict, but that a lesser standard is applicable in a probation revocation hearing. We deal with the reverse situation.

converse of that holding must also be accepted, that is, a decision in a probation revocation hearing cannot be given collateral estoppel effect so as to bar a subsequent criminal trial. The procedures and protections of a formal criminal trial, such as the rules of evidence and the right to a jury trial, belong to the People as well as to the defendant. These rights are simply not available in a probation revocation hearing. Further, the factors which a prosecutor must consider in determining whether and how to proceed in a probation revocation hearing are entirely different that the factors which must be considered in determining whether to prosecute criminal charges. (Compare *In re Coughlin, supra*, 16 Cal.3d at pp. 59-60, with *People* v. *Gephart, supra*, 93 Cal.App.3d at pp. 999-1000.)[2]

The rule urged by appellant would have the effect of barring full and fair litigation of the question of a defendant's criminal guilt due to a less formal proceeding which involved entirely different purposes, policies, procedures and issues. The collateral estoppel aspect of the doctrine of res judicata was not designed to preclude full and fair litigation of an issue. (See *People* v. *Gephart, supra*, 93 Cal.App.3d at p. 1000.) Where the application of the doctrine would have such an effect it must not be applied. ▮ Accordingly, we reject appellant's contention that a decision in a probation revocation hearing may be given collateral estoppel effect so as to bar a subsequent criminal prosecution. The municipal court did not err in refusing to dismiss the criminal charges against appellant and the superior court did not err in denying the petition for a writ of prohibition.

The order denying the petition for a writ of prohibition and discharging the order to show cause is affirmed.

Puglia, P. J., and Regan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 20, 1982. Reynoso, J., did not participate therein.

---

[2]In this case the prosecutor did not fully litigate the Vehicle Code charges in the probation revocation hearing because the Penal Code charges were the strongest aspect of the case and they alone fully supported the revocation of appellant's probation. That exercise of the prosecutor's discretion proved correct when the trial court revoked appellant's probation based upon the Penal Code violations. The comments of the trial court concerning the Vehicle Code charges were superfluous to the decision to revoke probation.