[Civ. No. 68714. Second Dist., Div. Four. Mar. 16, 1984.]

JUAN GURROLA, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

146

COUNSEL

Manuel Hidalgo for Plaintiff and Appellant.

Horvitz & Levy, Ellis J. Horvitz and Jean Spitzer for Defendant and Respondent.

## OPINION

McCLOSKY, J.—Plaintiff Juan Gurrola appeals from the order of dismissal following the trial court's sustaining of defendant County of Los Angeles' (County) demurrer as well as the court's granting of its motion to strike without leave to amend.[1]

### FACTS

In pertinent part, appellant pleads that he was the surviving heir of Ruben Gurrola who died on December 4, 1980, due to County's negligent medical treatment. Appellant alleges that his cause of action for wrongful death did not accrue until at least November 18, 1981, due to delays in getting medical information about the death. On December 22, 1981, appellant filed a claim with County pursuant to the government claims act. (Gov. Code, § 945.4.) On January 20, 1982, County informed appellant that his claim had been rejected as untimely and that because of the time that had elapsed no application for consideration of a late claim would be accepted. (Gov. Code, § 911.4.)

Appellant then filed a petition and amended petition for an order to be relieved from the requirements of Government Code section 945.4. (Gov. Code, § 946.6.) (Hereafter referred to as petition.) That petition was denied. Appellant further pleads that because his claim was timely presented to County this petition was unnecessary and therefore the court's denial was without legal effect.

County's demurrer was essentially based upon the ground that appellant's complaint was barred because the trial court's earlier denial of his petition was res judicata as to the issue of appellant's compliance with the government claims act.

### CONTENTIONS

Appellant raises nine contentions on appeal. These contentions can be divided and will be discussed in the following two groups. The first group of appellant's contentions are:

---

[1]We review the trial court's ruling on the demurrer following the resulting order of dismissal. (*City of Tiburon* v. *Northwestern Pac. R.R. Co.* (1970) 4 Cal.App.3d 160, 164, fn. 1 [84 Cal.Rptr. 469].) Because we affirm the court's ruling on the demurrer, we need not and do not decide the propriety of its ruling on the motion to strike.

"The governmental entity does not have the power, by the manner in which it treats a claim, i.e., by rejecting it as untimely rather than on its merits, to deny to a claimant his or her right to a jury trial on the disputed factual issue of whether a basis for delayed accrual exists.

"The California courts do not require a claimant to file an application for relief from a late claim, as a condition precedent to maintaining a lawsuit.

"Delayed discovery tolls the operation of C.C.P. § 340.5 and thus tolls the operation of Government Code § 911.2.

"The statute of limitations is tolled during the period of time that appellant's counsel is making reasonable efforts to discover if a cause of action exists.

"The receipt of information by appellant, from appellant's counsel, which in turn is based upon an expert medical opinion, can be the first notice to appellant that negligence was involved, and not until the receipt of said information will the statute of limitations run."

The second group of appellant's contentions are:

"In the case presently before the bar the rejection, which must be treated as an outright rejection, did not contain the warning required by Government Code § 913, rather, it contained an entirely erroneously and misleading warning, the net effect of which is to extend the time for filing a lawsuit to a period of two years from the accrual of the cause of action.

"The denial of the claim by the County as untimely is a rejection, and absent notice as called for under section 913(b) of the Government Code, appellant has two years in which to file suit.

"The denial of the claim by respondent, County, did not contain the warning required under Government Code § 913 and, therefore, pursuant to Government Code § 945.6(a) appellant has two years from the date of the accrual of the cause of action to file his complaint.

"The County is in no way precluded from giving the notice required under section 913(b) of the Government Code even if the claim was in fact untimely."

## DISCUSSION

■ "Unless clear error or abuse of discretion is demonstrated, the trial court's judgment of dismissal following the sustaining of defendant's de-

murrer will be affirmed on appeal." (*Banerian* v. *O'Malley* (1974) 42 Cal.App.3d 604, 610 [116 Cal.Rptr. 919].) █ In the case at bench, the trial court erroneously failed to specify the grounds upon which it sustained County's demurrer. (See Code Civ. Proc., § 472d.) Appellant's failure to call this error to the attention of the trial court as well as his failure to raise it on appeal constitutes a waiver of that error. (*E. L. White, Inc.* v. *City of Huntington Beach* (1978) 21 Cal.3d 497, 504 [146 Cal.Rptr. 614, 579 P.2d 505].)

█ Appellant's initial group of contentions essentially urge that because he alleged in his claim and petition that he had timely presented his claim to County, his petition was unnecessary and therefore its denial was of no effect. Within this assertion, appellant also urges that the presentation of his claim to County was timely because of the delayed accrual of his cause of action, and that this was a factual issue inappropriate for the trial court to have determined in ruling on his petition.

The presentation of a claim to a public entity is a prerequisite to maintaining a suit against that entity. (Gov. Code, § 945.4.) Generally, a claim must be presented to that entity not later than the 100th day after the accrual of the cause of action. (Gov. Code, § 911.2.) █ "The accrual time of actions for purposes of the claim filing requirement are governed by the Code of Civil Procedure sections which relate to the particular actions." (*Dujardin* v. *Ventura County Gen. Hosp.* (1977) 69 Cal.App.3d 350, 355 [138 Cal.Rptr. 20].)

When a timely claim is not presented, the claimant must apply to the entity for leave to file a late claim. (Gov. Code, § 946.6.) If that application is denied, the claimant may petition the appropriate court for an order relieving him from the provisions of Government Code section 945.4. (Gov. Code, § 946.6.) █ The ruling on such a petition is a final, appealable order which is given collateral estoppel effect. (*Dockter* v. *City of Santa Ana* (1968) 261 Cal.App.2d 69, 74 [60 Cal.Rptr. 824]; *Moore* v. *Morhar* (1977) 65 Cal.App.3d 896, 903, fn. 8 [135 Cal.Rptr. 626]; *Black* v. *County of Los Angeles* (1976) 55 Cal.App.3d 920, 930 [127 Cal.Rptr. 916].)

█ In denying appellant's petition in the case at bench, the trial court apparently determined that appellant's cause of action accrued more than 100 days prior to the presentation of his claim. This was an improper factor for the court to consider in ruling on a petition for relief from the government claims act. (*Shank* v. *County of Los Angeles* (1983) 139 Cal.App.3d 152, 158 [188 Cal.Rptr. 644]; *Toscano* v. *County of Los Angeles* (1979) 92 Cal.App.3d 775, 783 [155 Cal.Rptr. 146].) Appellant did not appeal the court's denial of that petition and it has since become final.

■ The central issue of this appeal is, however, not the propriety of the court's ruling on that petition but whether the denial of that petition collaterally estops appellant from alleging his compliance with the government claim requirements in this action. ■ The resolution of this issue is dependent upon the answers to three pertinent questions: "Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" (*Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 813 [122 Cal.Rptr. 892].)

■ Since the trial court's denial with prejudice of appellant's petition constituted a final judgment on the merits and because appellant was a party to that adjudication, the latter two questions are beyond dispute. The only remaining question on the issue of collateral estoppel is whether the issue decided in the petition is identical to the issue presented in the current action.

Circumstances analogous to the case at bench were presented in *Harman* v. *Mono General Hospital* (1982) 131 Cal.App.3d 607 [182 Cal.Rptr. 570]. In *Harman,* the trial court granted defendant's motion for summary judgment due to its determination that plaintiffs were collaterally estopped from litigating whether defendant was a government entity and was therefore within the provisions of the government claims act. The basis for this ruling was the earlier denial of plaintiff's petition for relief from the claim filing requirements.

In reversing the trial court, the *Harman* court reasoned that while the issue of whether defendant was a public entity was a presupposition in any petition for relief from the claim filing requirement, it was not an issue actually litigated in that petition. Accordingly, the court held that plaintiff was not collaterally estopped from litigating defendant's status in the subsequent action.

In contrast to *Harman,* appellant pleaded in his amended petition that "the crux of the issue in this petition is whether or not the claim was timely filed within 100 days of the accrual of the cause of action." Accordingly, the determination of the validity of appellant's claim was not simply a presupposition to the adjudication of his petition, it was the very purpose that petition was brought.

Appellant urges, however, that because his claim was timely presented his petition was not necessary and therefore the court's ruling on that petition should not collaterally estop him. In support of this assertion, appellant

relies on *Scott* v. *County of Los Angeles* (1977) 73 Cal.App.3d 476 [140 Cal.Rptr. 785].

In *Scott,* plaintiff presented a claim which County rejected as untimely. Plaintiff then presented a second claim which County treated as an application to file a late claim. Upon County's rejection of that application, plaintiff filed a petition for relief from the government claim requirements. Plaintiff apparently alleged that due to a delay in the accrual of her cause of action, her claim was timely presented. That petition was denied but plaintiff still filed a complaint for personal injuries and then appealed from the denial of her petition.

On appeal, the *Scott* court concluded that because it appeared from the face of plaintiff's claim that it was timely presented "the procedure under consideration, i.e., the petition for permission to file a late claim, was a redundancy and that the way is now and has been open to petitioner to pursue her complaint . . . . However, because of the possibility that the trial court would treat the order under appeal as a bar to further action, we deem it necessary to discuss the issues raised in order to guide the trial court in future proceedings." (*Scott* v. *County of Los Angeles, supra,* 73 Cal.App.3d at p. 480.)

The court went on to hold that a public entity cannot force a claimant into litigating the factual issue of when his cause of action accrued in a nonjury pretrial proceeding by unilaterally determining that his cause of action accrued prior to the 100-day limit. Accordingly, the court reversed the denial of the petition and ordered the petition dismissed as moot.

While there was some indication in *Scott* that the trial court's erroneous ruling on plaintiff's petition should simply be disregarded, the fact remains that the *Scott* decision resulted from an appeal from that ruling. ■ Unless a final ruling on a petition for relief from the government claim requirement is successfully directly or collaterally attacked, it is presumptively valid. (40 Cal.Jur.3d, Judgments, § 3, pp. 332-333; cf. *Wells Fargo & Co.* v. *City etc. of S. F.* (1944) 25 Cal.2d 37, 40 [152 P.2d 625].)

We do not disregard the concern expressed in *Scott* that this may result in appellant being deprived of his right to have a jury determine the factual issue of when his cause of action accrued. In some instances, the absence of a right to have a jury trial in a prior proceeding has precluded issues determined in that proceeding from being given collateral estoppel effect in a subsequent proceeding. (See *Chamblin* v. *Municipal Court* (1982) 130 Cal.App.3d 115, 119 [181 Cal.Rptr. 636] (issue determined in probation revocation hearing not given collateral estoppel effect in a subsequent crim-

inal prosecution); *Kelly* v. *Trans Globe Travel Bureau, Inc.* (1976) 60 Cal.App.3d 195, 202 [131 Cal.Rptr. 488] (issue determined in Workers' Compensation Appeals Board hearing not given collateral estoppel effect in a subsequent personal injury action).)

 The case at bench, however, is of a different nature for it was appellant who placed in issue the accrual of his cause of action in the prior nonjury proceeding; and in contrast to *Kelly* and *Chamblin,* Gurrola's choice to do so was not necessitated by a compelling secondary reason. Appellant pleaded that issue in his petition for the same reason and to reach the same result that he did in pleading it in the complaint. Accordingly, the failure of appellant to be afforded a jury trial for the hearing on his petition does not prevent his being collaterally estopped from litigating his compliance with the government claims requirement in this action.[2] (Cf. *In re Griffin* (1967) 67 Cal.2d 343, 347-348 [62 Cal.Rptr. 1, 431 P.2d 625]; *West Coast Constr. Co.* v. *Oceano Sanitary Dist.* (1971) 17 Cal.App.3d 693, 699 [95 Cal.Rptr. 169].) ██ ██ Consequently, because "[t]imely compliance with the claim filing requirements and rejection of the claim by the governmental agency must be pleaded in a complaint in order to state a cause of action" (*Dujardin* v. *Ventura County Gen. Hosp.* (1977) 69 Cal.App.3d 350, 355 [138 Cal.Rptr. 20]), we hold that the trial court did not err in sustaining County's demurrer to appellant's complaint.

Appellant's second group of contentions concern the sufficiency of the notice County gave when it rejected his claim. Government Code section 913 specifically provides for the notice a government entity must give when it rejects a claim on its merits. Government Code section 911.8 provides for the different notice that is given when the entity rejects an application to file a late claim. In the case at bench, County gave this latter notice to appellant. Appellant contends that he was entitled to the former.

Government Code section 945.6, subdivision (a)(2) provides that "[i]f written notice is not given in accordance with section 913, [then any suit against the entity must be commenced] within two years from the accrual of the cause of action." If the notice is adequate then the suit must be commenced within six months from the accrual. (Gov. Code, § 945.6, subd. (a)(1).) Accordingly, appellant contends that he was entitled to two years rather than six months from the accrual of his cause of action to file his suit.

---

[2]We do not consider whether the courts ruling on that petition is subject to a successful collateral attack as that issue is not now before us.

This contention disregards the nature of the demurrer upon review in this appeal. That demurrer was not interposed upon the ground that appellant's claim was barred by the applicable statute of limitations. Instead its sole ground was that appellant was barred from alleging compliance with the government claim requirements and was therefore precluded from maintaining this action. Because we have held that the trial court did not err in sustaining the demurrer upon this ground, the propriety of the notice of rejection County afforded appellant is not germane to a disposition of this appeal.

The judgment (order) of dismissal is affirmed.

Kingsley, Acting P. J., and Amerian, J., concurred.