[No. B009147. Second Dist., Div. Five. June 12, 1985.]

COUNTY OF LOS ANGELES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ISELA BORBON, a Minor, etc., Real Party in Interest.

COUNSEL

Golman & von Bolschwing, Bonne, Jones, Bridges, Mueller & O'Keefe, Greines, Martin, Stein & Richland, Martin Stein and Timothy T. Coates for Petitioner.

No appearance for Respondent.

Manuel Hidalgo, Robert J. Jagiello and Joanne P. Leggio for Real Party in Interest.

OPINION

**EAGLESON, J.—**

 The issue raised in this original proceeding is whether a court order denying a plaintiff's petition pursuant to Government Code section 946.6 collaterally estops the plaintiff from alleging in a superior court action that she has filed a timely claim pursuant to Government Code section 911.2.[1] The court below, denying the motion of petitioner County of Los Angeles (County) for a judgment on the pleadings, held that the doctrine of collateral estoppel did not apply and plaintiff was entitled to a jury trial on the issue of whether her original claim was timely filed. We hold that the trial court erred, and accordingly order issuance of a peremptory writ of mandate.

Plaintiff/real party Isela Borbon was born at County/USC Medical Center on March 28, 1975. On March 14, 1983, real party (by her mother and guardian ad litem, Dolores Borbon) filed a claim against the County of Los Angeles alleging that due to improper use of forceps during delivery, real party suffered "neurologial impairment, psychomotor retardation, Erb's Palsy, mental retardation [and] seizures." Plaintiff alleged that her cause of action accrued January 20, 1983 (two months before the claim was filed), the date on which her attorney obtained the opinion of a medical expert that plaintiff's injuries were caused by the negligence of County doctors.

---

[1]All further statutory references are to the Government Code unless otherwise indicated.

Plaintiff's mother testified in her deposition that she suspected something might be wrong with plaintiff when she did not talk by age three and could not stand or sit properly. According to Mrs. Borbon's deposition, she was told by doctors in 1978 that she should not worry because children begin to talk at different ages, and that the reason plaintiff could not stand or sit properly was because she was too fat.

As the years went on, Mrs. Borbon realized that plaintiff was having problems but did not know it was the fault of County doctors. However, in February 1982, Mrs. Borbon consulted an attorney, Manuel Martinez, regarding an automobile accident and Martinez enlightened her as to the possible cause of her daughter's problem. Since Martinez was not a specialist in medical negligence matters, he referred Mrs. Borbon to another attorney, Manuel Hidalgo.

Beginning in February 1982, Hidalgo attempted to obtain from the County medical records relating to Mrs. Borbon's prenatal care and plaintiff's birth. The County had difficulty locating the information. Hidalgo received plaintiff's records (but not those of her mother) in May 1982. Fetal monitor strips, requested in June 1982, were not received until October 1982, on microfiche. After the microfiche was processed, everything was sent to a medical expert, who unfortunately was having personal problems and failed to render a medical opinion as promptly as Hidalgo had hoped. On January 20, 1983, the expert finally rendered his opinion that plaintiff's problems were due to negligence on the part of County doctors. Plaintiff contends that her cause of action accrued at the time the expert had rendered his opinion because prior to that time she was not aware of the negligence of County doctors.

On March 14, 1983, plaintiff filed her claim against the County pursuant to section 911.2.[2] The claim was denied as untimely on April 15, 1983, and on April 21, 1983, plaintiff filed a lawsuit alleging medical negligence matter. On April 22, plaintiff petitioned the County for permission to file a late claim (§ 911.4). This petition was denied.

On June 10, 1983, plaintiff filed a petition in the superior court pursuant to section 946.6. That section provides that if the public entity denies an application for leave to file a late claim, a petition may be made to the superior court asking for relief from the provisions of section 945.4.[3] Section 946.6, subdivision (c) provides that the superior court may grant relief

---

[2] Section 911.2 requires that a claim relating to a cause of action for personal injury be presented to a public entity within 100 days after accrual of the cause of action.

[3] Section 945.4 requires the presentation of a written claim to a public entity before an action may be filed against it.

"if the court finds that the application . . . under Section 911.4 was made within a reasonable time not to exceed [one year after the accrual of the cause of action] . . . and that . . . [t]he failure to present the claim was through mistake, inadvertence, surprise or excusable neglect. . . ." The superior court denied plaintiff's petition "on the ground that [petitioner's] late claim application submitted to Respondent County of Los Angeles, pursuant to Government Code section 911.4, was not filed within a reasonable time not to exceed one year after the accrual of her cause of action." Plaintiff appealed this order but later abandoned the appeal.

The County then filed its motion for judgment on the pleadings, the denial of which gave rise to the within petition. Relying substantially on *Gurrola v. County of Los Angeles* (1984) 153 Cal.App.3d 145 [200 Cal.Rptr. 157], the County argued that the previous superior court order denying plaintiff's petition for relief from the claims requirement collaterally estopped her from asserting in her complaint that she had timely filed a claim. Without the allegation that a claim had been timely filed and rejected, the complaint was fatally defective.

In its order denying the County's motion, the court stated in part: "1. *Scott v. County* (1977), 73 Cal.App.3d 476 indicates that by its unilateral determination that a claim was late filed, a governmental entity cannot use the claims procedures to deny to a claimant a right to a jury trial on disputed factual issues.

"2. It is also true under *Shank v. County* (1983), 139 Cal.App.3d 152, 158 and *Toscano v. County* (1979), 92 Cal.App.3d 775, 783, that it is inconsistent to say that a claim was timely filed and still petition for relief under Govt. Code § 946.6 on the ground of failing to file a claim at all.

"3. To resort to the §§ 946.6 and 911.4 procedures, as the Tort Claims Act says a litigant must, in all fairness, should not preclude the litigant from maintaining that the initial claim was timely."

The court acknowledged that the issue of when the cause of action accrued "explicitly was decided against plaintiff in the claim relief proceeding," and that the court was thus "squarely faced with a collateral estoppel question." The court nonetheless took the position that "[e]ven the more rigorous 'bar' aspect of the doctrine of res judicata has not always been strictly applied," and therefore the even more flexible doctrine of collateral estoppel should not be applied here due to "the ends of justice of important considerations of policy."

The court indicated that it was aware of the decision in *Gurrola* v. *County of Los Angeles, supra,* but chose not to follow it. This decision was error, as the facts of this case fall squarely within *Gurrola.*

In *Gurrola,* appellant filed a claim with the County of Los Angeles which was rejected as untimely. He then filed a petition in the superior court for an order to be relieved from the requirements of section 945.4 and the petition was denied. Appellant alleged in a superior court action that because his claim was timely presented to the County, the petition for leave to file a late claim was unnecessary and therefore the court's denial of the petition had no legal effect. The County, on demurrer, contended that appellant's complaint was barred because the trial court's earlier denial of his petition was res judicata as to the issue of appellant's compliance with the Government Tort Claims Act. The demurrer was sustained without leave to amend and the case was dismissed.

On appeal, appellant argued, as plaintiff does here,[4] that because he alleged in his claim and petition that he had timely presented his claim to the County, his petition was unnecessary and therefore its denial was of no effect. He also urged that the presentation of his claim to the County was timely because of the delayed accrual of his cause of action, but that this was a factual issue inappropriate for the superior court to have decided in ruling on his late claim petition.

The Court of Appeal held that although it was inappropriate for the trial court to have determined when appellant's cause of action accrued, citing *Shank* v. *County of Los Angeles* (1983) 139 Cal.App.3d 152 [188 Cal.Rptr. 644] and *Toscano* v. *County of Los Angeles* (1979) 92 Cal.App.3d 775 [155 Cal.Rptr. 146], the central issue was not whether the court's ruling was correct, but whether that ruling, having become final, collaterally estopped appellant from alleging his compliance with the government claim requirements in a superior court action.

The *Gurrola* court answered in the affirmative, reasoning as follows: The ruling on a petition for relief pursuant to section 946.6 is a final, appealable order which is given collateral estoppel effect. (*Dockter* v. *City of Santa Ana* (1968) 261 Cal.App.2d 69, 74 [67 Cal.Rptr. 686].) Whether the doctrine should be given effect in a particular case depends upon (1) whether the issue decided in the prior adjudication was identical with the one presented in the action in question; (2) whether there was a final judgment on the merits; and (3) whether the party against whom the plea is asserted was

---

[4]The appellant in *Gurrola* was represented by Attorney Manuel Hidalgo, who represents plaintiff here.

a party or in privity with a party to the prior adjudication. The court found that the answers to the last two questions were indisputably, "yes," since the denial of the appellant's petition constituted a final judgment on the merits and he was, of course, a party to that action. The first question—whether the issues were identical—was also answered in the affirmative, inasmuch as Gurrola had made the accrual of his cause of action the basis of his prior petition. In fact, resolution of that issue was the very purpose for which the petition was brought.

■ The same is true in the present case. The majority of plaintiff's petition for relief from the provisions of section 945.4 consists of the reasons why the accrual of her cause of action was delayed for some eight years. Thus, she placed before the court the very issue which she now claims the court did not decide (or, if it did resolve the issue, it should not have). Even the court below, which ruled in plaintiff's favor, recognized that the issue of accrual had been explicitly decided against her in the prior proceeding. Plaintiff appealed that ruling, but abandoned the appeal, thus waiving her right to challenge the propriety of that ruling. She nonetheless attempts to do so by contending that her petition for relief from the provisions of section 945.4 is a mere redundancy, the necessity for which is brought about by the strictures of the Government Tort Claims Act. Plaintiff cites *Scott* v. *County of Los Angeles* (1977) 73 Cal.App.3d 476 [140 Cal.Rptr. 785], a case cited by the court below. *Scott* arose out of the same factual situation presented here: The filing of a claim, the denial of that claim as untimely, denial of an application to file a late claim, and a resulting petition to the superior court. The petition was denied, but the plaintiff appealed from the denial of her petition and also filed an action in the superior court. On appeal from denial of the petition, the *Scott* court concluded that because it appeared from the face of the claim that it was timely presented, the petition for permission to file a late claim "was a redundancy and . . . the way is now and has been open to petitioner to pursue her complaint. . . ." (*Id.*, p. 480.)

Two factors distinguish this case from *Scott*. The first (but not the most significant) is that the timeliness of the claim is not apparent, and in fact the opposite is true. Most importantly, however, is the fact that *Scott* was an appeal from the denial of a petition for permission to file a late claim. In this case, plaintiff filed such an appeal but abandoned it. ■ "Unless a final ruling on a petition for relief from the government claim requirement is successfully directly or collaterally attacked, it is presumptively valid." (*Gurrola* v. *County of Los Angeles, supra,* 153 Cal.App.3d at p. 152.) ■ Having abandoned her appeal from the denial of that petition, plaintiff cannot challenge the ruling here.

Let a peremptory writ of mandate issue directing the respondent court to vacate its order of October 22, 1984, denying the motion of petitioner County of Los Angeles for a judgment on the pleadings, and enter a new and different order granting said motion.

Feinerman, P. J., and Ashby, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied September 12, 1985. Bird, C. J., was of the opinion that the petition should be granted.