996 F.2d 1225
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Craig B. MALONE, Petitioner-Appellant,
v.
George INGLE, Warden, Mule Creek State Prison, Respondent-Appellee.
 No. 92-17018.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 2, 1993.
 
 Before: CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Craig Malone appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 * Background
 
 
 4
 While on probation for an earlier conviction, Malone was charged by information with fourteen counts of corporal injury and sexual offenses against minors. The parties stipulated that the probation revocation hearing would take place concurrently with the jury trial on the information charges. The jury found Malone guilty on three charges (corporal injury to spouse, corporal injury to child, and child annoyance), acquitted him on one charge, and deadlocked on ten other charges. The trial judge declared a mistrial as to those charges, and continued sentencing on the counts of conviction.
 
 
 5
 For purposes of the probation revocation decision, the trial judge found by clear and convincing evidence that Malone had committed the acts charged in nine counts and stated that he was "not persuaded on other counts." On November 14, 1988, a retrial began for the deadlocked counts. On November 16, pursuant to a plea agreement, Malone pleaded no contest to unlawful intercourse with a person under age 18 and six counts of lewd acts with a child, agreed to a minimum prison term of 14 years and a maximum of 22 years, and agreed to the dismissal of the remaining charges. The trial court sentenced him to 22 years in prison.
 
 II
 Ineffective Assistance of Counsel
 
 6
 Malone contends that he received ineffective assistance of trial counsel because his trial counsel failed to raise the argument that any second trial on the hung charges would be barred by collateral estoppel. Trial counsel should have argued, he contends, that when a probation revocation hearing is held in circumstances equivalent to a full trial, collateral estoppel bars subsequent criminal proceedings on the same charges. He alleges that he was prejudiced because if had known of this possible defense, he would not have pleaded no contest.
 
 
 7
 We review de novo the district court's denial of Malone's habeas petition. Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986). To establish that he received ineffective assistance of counsel, Malone must show that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Hill v. Lockhart, 474 U.S. 52, 59-60 (1985). In the context of a challenge to a guilty plea, deficient performance is representation outside the range of reasonable competence demanded of criminal defense attorneys, and prejudice means that, but for counsel's errors, the petitioner would not have pleaded guilty. Id.; Iaea, 800 F.2d at 864-65. The petitioner must overcome a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. Iaea, 800 F.2d at 864-65.
 
 
 8
 Under California law at the time Malone entered his plea, the findings at a probation hearing did not bar subsequent prosecution for the same conduct in a criminal proceeding. See Chamblin v. Municipal Court, 130 Cal.App.3d 115, 121, 181 Cal.Rptr. 636, 639 (3rd Dist.1982); see also Lucido v. Superior Court, 51 Cal.3d 335, 347-48, 795 P.2d 1223, 1230, 272 Cal.Rptr. 767, 774 (1990) (reaffirming Chamblin 's conclusion that collateral estoppel does not bar criminal prosecution for offenses previously found unsupported at probation revocation hearing), cert. denied, 111 S.Ct. 2021 (1991). Malone's trial counsel would have had to argue that Malone's case was distinguishable from Chamblin, or that an exception to existing caselaw was warranted. See, e.g., People v. Sims, 32 Cal.3d 468 (1982) (collateral estoppel barred criminal prosecution of welfare recipient for welfare fraud after the state failed to produce enough evidence to warrant restitution of allegedly fraudulently procured funds in an administrative proceeding). The special policy considerations involving the administration of the welfare system that the courts considered significant in Sims, however, are not applicable in the probation revocation context. See Lucido, 51 Cal.3d at 347-48.
 
 
 9
 In the absence of favorable precedent, Malone's counsel would have had to apply the traditional elements of collateral estoppel.[1] It appears unlikely that two of those elements were satisfied. First, the trial judge's statement that he was "not persuaded" on five of the fourteen counts was not a determination essential to his decision to revoke probation, because his finding that Malone had committed nine of the fourteen counts provided a sufficient basis to revoke probation. Second, the judge's statement that he was "not persuaded on the other counts" was probably not a final judgment on the merits, in light of the fact that he anticipated a retrial on the hung counts. Under these circumstances, a reasonably competent attorney could have concluded that the collateral estoppel argument was unlikely to succeed. Accordingly, trial counsel's failure to advise Malone of a possible defense based on collateral estoppel does not fall below the objective standard of reasonableness required for ineffective assistance claims. See Iaea, 800 F.2d at 864.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The issue must have been actually litigated and necessarily decided at the former proceeding and identical to the one which is sought to be relitigated; the former proceeding must have resulted in a final judgment on the merits; and the party against whom collateral estoppel is asserted must have been a party at the former proceeding. Sims, 32 Cal.3d at 484