**Perry C. BUTLER, et al., Plaintiff,**

v.

**LOS ANGELES COUNTY, et al., Defendants.**

**No. CV 07–7304–MMM (JTL).**

United States District Court, C.D. California.

Nov. 12, 2008.

Perry C. Butler, Los Angeles, CA, pro se.

Ava J. Wafer, Palmdale, CA, pro se.

Chesia Anderson, Palmdale, CA, pro se.

L. Trevor Grimm, Manning & Marder Kass Ellrod Ramirez LLP, Los Angeles, CA, for Defendants.

## ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

MARGARET M. MORROW, District Judge.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint, all the records and files herein, and the Final Report and Recommendation of the United States Magistrate Judge. The Court concurs with and adopts the findings, conclusions and recommendations of the Magistrate Judge.

IT IS ORDERED that: (1) the Motion to Dismiss Claims Two, Four, Six, Seven, Nine, Eleven, Twelve, Seventeen, Eighteen and Nineteen is denied; (2) the Motion to Dismiss Claims One and Ten is granted with respect to defendant Los Angeles County for failure to comply with the requirements of the California Tort Claims Act; (3) the Motion to Dismiss Claims Five, Thirteen and Fourteen is granted with respect to defendants Deputy Edwin Barragan and Deputy Luan Dang for failure to comply with the requirements of the California Tort Claims Act.

Defendants are ORDERED to file an Answer consistent with the Report and Recommendation and this Order within 20 days of this Order.

## FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

JENNIFER T. LUM, United States Magistrate Judge.

The Court submits this Final Report and Recommendation to the Honorable Margaret M. Morrow, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05–07 of the United States District Court for the Central District of California.

## PROCEEDINGS

On November 21, 2007, Perry C. Butler, Ava J. Wafer, and Chesia Anderson ("plaintiffs"), proceeding *pro se* and *in forma pauperis,* filed a Complaint pursuant to 42 U.S.C. § 1983. On February 5, 2008, plaintiffs subsequently filed a First Amended Complaint ("FAC") and named the following defendants: Los Angeles County (the "County"); Los Angeles County Sheriff's Department ("LACSD"); Deputy Sheriff Barranton # 455302; Deputy Sheriff Dang # 488386; Deputy Perez, Deputy Jones and Does 1 through 10.

On February 25, 2008, defendants the County, Deputy Edwin Barragan (erroneously sued as Deputy Sheriff Barranton) and Deputy Luan Dang filed a Motion to Dismiss plaintiffs' First Amended Com-

plaint ("Motion to Dismiss"). On April 25, 2008, plaintiffs filed an Opposition to Defendants' Motion to Dismiss ("Opposition"). On May 2, 2008, defendants filed a Reply to plaintiffs' Opposition.

On June 30, 2008, the Court issued a Report and Recommendation, recommending that the district court deny defendants' Motion to Dismiss Claims Two, Four, Six, Seven, Nine, Eleven, Twelve, Seventeen, Eighteen and Nineteen; grant defendants' Motion to Dismiss Claims One and Ten with respect to defendant Los Angeles County; and grant defendants' Motion to Dismiss Claims Five, Thirteen and Fourteen with respect to defendants Deputy Edwin Barragan and Deputy Luan Dang. Thereafter, on July 21, 2008, defendants filed Objections to the Report and Recommendation ("Objections") arguing that the Court improperly recommended denial of defendant's Motion to Dismiss Claims Two, Four, Six, Seven, Nine, Eleven and Twelve.

## ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Plaintiffs allege that on June 6, 2006, plaintiff Anderson was outside of her home and was approaching an automobile owned by her mother, plaintiff Wafer, when she was detained without reasonable suspicion or probable cause by defendants Barragan and Dang. (FAC at 3). Plaintiffs allege that defendants Barragan and Dang then opened the gate to plaintiff Anderson's home and demanded that plaintiff Butler come out of the house to speak with them. (*Id.* at 4). After discovering that defendants Barragan and Dang did not have an arrest or search warrant, plaintiff Butler stated that he did wish to speak with them. (*Id.*). Thereafter, defendant Barragan entered plaintiff Anderson's property and forcefully twisted plaintiff Butler's arms behind his back and said, "If you resist I am going to charge you with resisting arrest and assault." (*Id.* at 4–5). Plaintiff Butler was handcuffed and placed in the police vehicle. (*Id.* at 5).

Plaintiffs allege that defendants Barragan and Dang then conducted an illegal search of plaintiff Wafer's vehicle and purse, and of plaintiff Anderson. (*Id.* at 5). Plaintiffs allege that defendants Barragan, Dang, Perez and Jones then conducted an illegal search of plaintiff Anderson's home despite plaintiff Anderson's objections, claiming they had the right to do so because plaintiff Butler was on parole. (FAC at 5, 7). Although defendants Barragan and Dang discovered that plaintiff Butler was not on parole and there were no outstanding warrants for his arrest, they, nevertheless, held plaintiff Butler in custody for approximately 20 to 24 hours. (*Id.* at 6).

Thereafter, plaintiffs allege that defendants brought a claim against plaintiff Butler and made false statements in a police report that plaintiff Butler was under the influence of controlled substances when they took him into custody. (*Id.* at 6). On March 17, 2007, the Superior Court dismissed the criminal case against plaintiff Butler after the court determined there was no reasonable suspicion or probable cause to support plaintiff Butler's detention or arrest. (FAC at 6–7). In addition, the court determined that defendant Barragan had unlawfully detained and/or arrested another person on at least one other occasion. (*Id.* at 6).

Plaintiffs Anderson and Wafer filed a complaint with defendant LACSD against defendants Barragan, Dang, and Does 1–10 alleging unlawful detention, unlawful search of defendant Wafer's purse and vehicle, and unlawful search of defendant Anderson's home. (*Id.* at 7). Plaintiffs allege that, in a cover-up attempt, defendant LACSD falsely stated that the search

was in response to a call of distress that led defendants to believe a person's life was in danger. (*Id.*). Plaintiffs allege that the County consented to the LACSD's practice, custom, or policy of covering up unlawful stops, detentions, arrests and searches made by deputy sheriffs. (*Id.* at 7–8).

In the First Amended Complaint, plaintiffs allege nineteen causes of action against defendants. Plaintiffs allege causes of actions against defendants Barragan and Dang in their individual capacities for an unlawful search of plaintiff Anderson in violation of the Fourth and Fourteenth Amendments (Claim 3); false imprisonment of plaintiff Wafer in violation of California Penal Code § 236 and the Fourth and Fourteenth Amendments (Claim 5); unlawful search of plaintiff Wafer's automobile in violation of the Fourth and Fourteenth Amendments (Claim 8); kidnaping plaintiff Butler in violation of California Penal Code § 207 and the Fourth and Fourteenth Amendments (Claim 13); false imprisonment of plaintiff Butler in violation of California Penal Code § 236 and the Fourth and Fourteenth Amendments (Claim 14); unlawful removal and restraint of plaintiff Butler in violation of the Fourth and Fourteenth Amendments (Claim 15); and malicious prosecution of plaintiff Butler in violation of the Fourth and Fourteenth Amendments (Claim 16). (*See* FAC at 9–15).

Plaintiffs also allege defendants LACSD and the County violated the Fourth and Fourteenth Amendments when they consented to and gave defendants Barragan and Dang permission to falsely imprison plaintiff Anderson (Claim 1); unlawfully detain plaintiff Anderson (Claim 2); unlawfully search plaintiff Anderson's home (Claim 4); unlawfully detain plaintiff Wafer (Claim 6, 9); unlawfully search plaintiff Wafer's automobile and purse (Claim 7);

kidnap and falsely imprison plaintiff Butler (Claim 10); unlawfully detain plaintiff Butler (Claim 11); and maliciously prosecute plaintiff Butler (Claim 12). Plaintiffs further allege that defendants LACSD and the County were on notice of prior complaints against defendant Barragan for unlawful stops, detentions, arrests, and for writing false police reports, and gave permission, consent, and acquiesced to these practices by its deputies and to the custom and policy of covering up such violations of the Fourth and Fourteenth Amendments (Claim 17, 18, 19). (*See id.* at 9–15).

Plaintiffs seek damages from each defendant. (*Id.* at 17–18).

## DEFENDANTS' MOTION TO DISMISS

Defendants argue that in Claims Two, Four, Six, Seven, Nine, Eleven, Twelve, Seventeen, Eighteen and Nineteen, plaintiffs have failed to meet the pleading standard set forth in *Monell v. New York City Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and thus, have failed to state a claim for relief under 42 U.S.C. § 1983. The moving defendants also argue that the state law claims in Claims One, Five, Ten, Thirteen and Fourteen are barred by the California Tort Claims Act ("CTCA").

## APPLICABLE STANDARD

The purpose of a motion under Federal Rule of Civil Procedure 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief. A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir.1990). Although a complaint "does not need detailed factual allegations" to survive dismissal, its "[f]actual allegations must be enough to raise a right to relief

above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (rejecting the traditional standard set forth in *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The complaint must contain "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

In determining whether a complaint states a claim under this standard, the allegations must be construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337–38 (9th Cir.1996). All allegations of material fact are accepted as true, "as well as all reasonable inferences to be drawn from them." *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001); *see also Bell Atlantic,* 127 S.Ct. at 1965. However, the Court need not accept as true allegations that contradict matters properly subject to judicial notice. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001). The Court also need not accept as true "unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1462 (C.D.Cal.1996); *see also Sprewell,* 266 F.3d at 987; *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981).

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must limit its review to the four corners of the operative complaint, and may not consider facts presented in briefs or extrinsic evidence. *See Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001); *Sprewell,* 266 F.3d at 987; William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 9:211 (2004) ("[T]he court cannot consider material outside the complaint (e.g., facts presented in briefs,

affidavits or discovery materials)."). Materials submitted as part of the complaint are not "outside" the complaint and may be considered. *Lee,* 250 F.3d at 688; *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). In addition, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *In re Stac Electronics Sec. Litig.,* 89 F.3d 1399, 1405 n. 4 (9th Cir.1996); *see also Lee,* 250 F.3d at 689 (documents not physically attached to the complaint may be considered if their authenticity is not contested and "the plaintiff's complaint necessarily relies" on them).

## DISCUSSION

### I. *DEFENDANTS' MOTION TO DISMISS CLAIMS TWO, FOUR, SIX, SEVEN, NINE, ELEVEN, TWELVE, SEVENTEEN, EIGHTEEN AND NINETEEN FOR FAILURE TO COMPLY WITH MONELL SHOULD BE DENIED*

Plaintiffs have asserted Fourth and Fourteenth Amendment claims against the County. Plaintiffs allege that the County gave defendants Barragan and Dang "permission, consent and acquiesced" to the unlawful searches, detentions, imprisonments and the malicious prosecution alleged in the First Amended Complaint. Plaintiffs also alleged that the County was on notice of prior complaints against defendant Barragan for unlawful stops, detentions, arrests, and for writing false police reports, and "gave permission, consent, and acquiesced" in LACSD deputies' "practice, custom or policy of covering up" violations of the Fourth and Fourteenth Amendments. (*See* FAC at 9–15).

There is no respondeat superior liability under § 1983, and therefore, defendant supervisors or employers of persons who allegedly violated a plaintiff's constitutional rights do not impose liability. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Hamilton v. Endell,* 981 F.2d 1062, 1067 (9th Cir.1992); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989). Similarly, a local governmental entity such as the County "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts that may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell,* 436 U.S. at 694, 98 S.Ct. 2018. Thus, the County may not be held liable for the acts of their employees unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Id.* at 690–91, 98 S.Ct. 2018; *see also Orin v. Barclay,* 272 F.3d 1207, 1216 (9th Cir.2001).

To establish liability under *Monell,* a plaintiff must satisfy four conditions: "(1) that he possessed a constitutional right of which he was deprived; (2) that the [local governmental entity] had a policy; (3) that this policy 'amounts to deliberate indifference' to plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt v. Pearce,* 954 F.2d 1470, 1474 (9th Cir.1992) (quoting *City of Can-*

*ton v. Harris,* 489 U.S. 378, 389–91, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)).

Plaintiffs allege that the County gave defendants Barragan and Dang "permission, consent and acquiesced" in the alleged illegal searches and arrests of plaintiffs and their property, and in their subsequent alleged malicious prosecution of plaintiff Butler (Claim 2, 4, 6, 7, 9, 11, 12). (FAC at 9–15). Plaintiffs allege that the County "gave permission, consent, and acquiesced" to LACSD deputies' "practice, custom or policy of covering up" violations of the Fourth and Fourteenth Amendments (Claim 17, 19). (*Id.*). Plaintiffs also alleged that the County was on notice of such practices and that it had previously received complaints of similar violations resulting from defendant Barragan's actions (Claim 18). (*Id.* at 15–16).

At the pleading level, these allegations are sufficient to allege *Monell* liability against the County. "In this circuit, a claim of municipal liability under § 1983 is sufficient to withstand a motion to dismiss 'even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir.1988) (quoting *Shah v. County of Los Angeles,* 797 F.2d 743, 747 (9th Cir.1986)). Reading the Complaint in its entirety, plaintiff's claims alleging the County gave permission, consent, and acquiesced to LACSD deputies' "practice, custom or policy of covering up" violations of the Fourth and Fourteenth Amendments, as well as plaintiff's claims alleging the County gave permission, consent and acquiesced to defendants Barragan and Dang's specific violations of plaintiffs' rights under the Fourth and Fourteenth Amendments, meet this liberal standard. Defendants' Motion to Dismiss the *Monell*

claim, therefore, is denied with respect to the County.

## II. *DEFENDANTS' MOTION TO DISMISS CLAIMS ONE, FIVE, TEN, THIRTEEN AND FOURTEEN FOR FAILURE TO COMPLY WITH THE CTCA SHOULD BE GRANTED*

Plaintiffs allege five state law causes of action against various defendants in the First Amended Complaint. In Claims Five, Thirteen and Fourteen, plaintiffs allege defendants Barragan and Dang violated California Penal Code §§ 207 and 236. (FAC at 10, 13–14). In Claims One and Ten, plaintiffs allege that defendants LACSD and the County gave defendants Barragan and Dang permission to violate California Penal Code §§ 207 and 236 with respect to plaintiffs. (FAC at 9, 12).

 Under the CTCA, a plaintiff may not maintain an action for damages against a public entity unless a written claim has first been presented to the appropriate entity and has been acted upon by that entity before filing suit in court.[1] *See* Cal. Gov't Code §§ 905, 945.4, 950.2; *Mangold v. California Pub. Utilis. Comm'n.*, 67 F.3d 1470, 1477 (9th Cir.1995) ("The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part."). The purpose of CTCA is to give government notice of the claims. *Stockett v. California Water Agencies Joint Powers Ins. Auth.*, 34 Cal.4th 441, 446–48, 20 Cal.Rptr.3d 176, 99 P.3d 500 (2004). Plaintiffs must "allege facts demonstrating or excusing compliance with the claim presentation requirements." *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1239, 1243, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004).

 Although a plaintiff may include supplemental state law claims in a civil rights action brought in federal court pursuant to 42 U.S.C. § 1983, the state law claims are subject to dismissal for failure to allege compliance with the claim-filing requirement of the CTCA. *Karim–Panahi*, 839 F.2d at 627. The CTCA applies to state law claims wherever those claims are brought, and the requirement that a plaintiff must affirmatively allege compliance with the CTCA applies in federal court.[2] *Id.* "Complaints that do not allege facts demonstrating either that a [tort] claim was timely presented or that compliance with the claims statute is excused are subject to [dismissal]." *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 209, 64 Cal.Rptr.3d 210, 164 P.3d 630 (2007); *Superior Court (Bodde)*, 32 Cal.4th at 1243, 13 Cal.Rptr.3d 534, 90 P.3d 116 (plaintiff must allege facts "demonstrating or excusing compliance with the claim presentation requirement"); *see also Gurrola v. County of Los Angeles*, 153 Cal.App.3d 145, 153, 200 Cal.Rptr. 157, (1984) (" 'timely compliance with the claim filing requirements . . . must be pleaded in a complaint in order to state a cause of action' ").

---

**1.** A number of claims are exempt under § 905 including claims by public employees for fees, salaries, wages, mileage or other expenses and claims for money or benefits under any public retirement or pension system. *See* Cal. Gov't Code § 905.

**2.** These requirements, however, do not control claims under federal statutes, such as 42 U.S.C. § 1983. *See Williams v. Horvath*, 16 Cal.3d 834, 842, 129 Cal.Rptr. 453, 548 P.2d 1125(1976) (finding that Cal. Govt.Code § 911.2 does not apply to claims brought pursuant to 42 U.S.C. § 1983 because such application would constitute an impediment to the exercise of a federal right).

 The CTCA requires that, before filing suit, an individual seeking to recover in tort against a public entity for claims relating to death or injury to a person must present the claim to the entity "not later than six months after the accrual of the cause of action." Cal. Gov't Code §§ 905, 911.2, 945.4. Under the CTCA, the date of accrual is "the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto if there were no requirement that a claim be presented." Cal. Gov't Code § 901. State law tort causes of action generally accrue when the wrongful act is committed. *Collins v. County of Los Angeles,* 241 Cal.App.2d 451, 454, 458, 50 Cal.Rptr. 586 (1966).

 Here, plaintiffs' state law claims accrued on June 6, 2006. Plaintiffs had six months from that day, or until December 6, 2006, to present a timely claim to the County. Plaintiffs did not present their claim to the County until August 23, 2007. (FAC at 8). Plaintiffs cite to Section 945.3 and argue that they were entitled to tolling of the six-month period while criminal charges were pending against plaintiff Butler. (Opposition at 3–4). However, Section 945.3 does not extend the time within which a claim must be presented under the CTCA.[3] Accordingly, plaintiffs were not entitled to statutory tolling and their state law claims fail to meet the claim presentation requirement of the CTCA. *See* Cal. Gov't Code § 911.2.

Plaintiffs also argue that their good-faith belief that the six-month period was tolled while criminal charges were pending against plaintiff Butler was a reasonable mistake and that the Court may allow plaintiffs to proceed with their claims because plaintiffs' failure to comply with Section 911.2 was the result of "excusable neglect." (Opposition at 3–4). Here, Section 945.3 states in clear, plain language that it does "not extend the time within which a claim is required to be presented pursuant to Section 911.2." Thus, plaintiffs' error does not constitute excusable neglect. Claims One and Ten must, therefore, be dismissed with respect to defendant County for failure to meet the claim presentation requirements of the CTCA, and Claims Five, Thirteen and Fourteen must be dismissed with respect to defendants Deputy Edwin Barrangan and Deputy Luan Dang for failure to meet the claim presentation requirements of the CTCA.

## RECOMMENDATION

THE COURT, THEREFORE, RECOMMENDS that the District Court issue an Order: (1) approving and adopting this Final Report and Recommendation; (2) denying defendants' Motion to Dismiss Claims Two, Four, Six, Seven, Nine, Eleven, Twelve, Seventeen, Eighteen and Nineteen; (3) granting defendants' Motion to Dismiss Claims One and Ten with respect to defendant Los Angeles County for failure to comply with the requirements of the California Tort Claims Act; (4) granting defendants' Motion to Dismiss Claims Five, Thirteen and Fourteen with respect to defendants Deputy Edwin Barragan and Deputy Luan Dang for failure to comply with the requirements of the California Tort Claims Act; and (5) directing defendants to file an Answer consistent with the Report and Recommendation and the Dis-

---

**3.** California Government Code § 945.3 states, in relevant part, that

Nothing in this section shall prohibit the filing of a claim with the board of a public entity, and this section shall not extend the time within which a claim is required to be presented pursuant to § 911.2.

trict Court's Order.[4]

4. Defendants are directed not to file an Answer to the First Amended Complaint until after the District Court enters an order with respect to this Report and Recommendation.