[Civ. No. 54004. Second Dist., Div. Five. May 7, 1979.]

OSCAR TOSCANO et al., Plaintiffs and Appellants, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

776

778

**COUNSEL**

Oscar Toscano and Victor Toscano, in pro. per., for Plaintiffs and Appellants.

Chase, Rotchford, Drukker & Bogust and John J. Geary, Jr., for Defendant and Respondent.

**OPINION**

**STEPHENS, Acting P. J.**—This is an appeal from an order entered in a proceeding commenced in superior court pursuant to section 946.6 of the Government Code denying the petition of appellants for an order relieving them from the obligation of filing a claim with a public entity.

### FACTS

On May 26, 1976, petitioners and appellants, Oscar and Victor Toscano, were arrested by officers of the respondent, the Sheriff's Department of the County of Los Angeles, following an altercation in the streets of the City of Pico Rivera. Appellants allege the following events preceded and followed the arrest: While driving along Rosemead Boulevard, they were accosted by five young Mexican men who boxed in their car, assaulted and battered them, and damaged their car. Officers of respondent arrived at the scene, told everyone to disperse, and following appellant Oscar Toscano's insistence that the assailants be arrested, appellants and their assailants were arrested and taken to police headquarters. Appellant Oscar Toscano was charged with assault with a deadly weapon and appellant Victor Toscano was charged with assault with intent to commit mayhem. Appellants further allege that they were harassed and intimidated by various deputy sheriffs while in custody.

On the day following their arrest, while still in custody, appellants were interviewed by a deputy sheriff. Appellants recount that during this interview they were told all charges against them would be dropped and that records of their arrest would be expunged if they would drop all charges against their assailants. The deputy also impliedly requested a waiver of any claim of liability against the sheriff's department. Appellants' counsel was present during their release the same day, and was aware of the understanding between appellants and respondent.

Appellants further allege that on August 3, 1976, appellant Oscar Toscano contacted the internal affairs department of the respondent, requested an investigation of the incident, and inquired as to the procedure for filing a claim against the respondent. He was told that the matter would be taken care of, that he should not worry, and that someone would "get back" to him. Shortly thereafter another deputy sheriff interviewed appellants and took a report of the events in question.[1]

Appellants' brief states that on or about November 1, 1976, appellants alleged that they discovered that the records of their arrest on May 26, 1976, had not been expunged. There is nothing in their petition for relief to substantiate this statement except that they filed an application to file late claims on November 15, 1976, and December 2, 1976. In a declaration by petitioners, filed August 2, 1977, (along with the petition for relief) they alleged (Nos. 33 and 36) that they first learned of the fact that the records had not been expunged on November 1, 1976. By that time, the 100-day period of limitation for filing of a claim against the county had expired. Each of them thereupon filed with respondent a written application for leave to present a late claim. Appellant Oscar Toscano's application was filed in November 15, 1976, and appellant Victor Toscano's application was filed on December 2, 1976.

Appellants' application for leave to file late claims were formally denied by respondent on February 3 and 4, 1977. On August 2, 1977, appellants commenced the instant proceeding in superior court, seeking an order permitting them to bring a civil action against respondent for damages even though they did not file timely claims with respondent as required by Government Code sections 911.2 and 945.4.[2] This petition was formally denied by the superior court on November 6, 1977, and this appeal followed.

### APPELLANTS' CONTENTIONS

Appellants contend that the superior court erred in denying the relief sought because: (1) Appellants' failure to file timely claims with

---

[1]Appellants, in their opening brief—page 6—state a "formal written *claim* regarding the events" (italics added) was taken shortly after August 3, 1976. This is a misstatement from the pleadings; the petition for relief (C.T., p. 6, and cited as the source for the statement in the brief) states: "A few days later [after August 3] a Sergeant DOE XIII, . . . took a formal written *complaint* from both Petitioners." (Italics added.)

[2]Unless hereafter specified otherwise, all code section references are to the Government Code.

respondent should be excused and respondent should be estopped from urging compliance with the claim filing requirements because representations of certain deputy sheriffs induced the failure of appellants to file timely claims. (2) The written report given to the deputy on August 3, 1976, substantially complied with the claim filing requirements. (3) The applications to file late claims substantially complied with the claim filing requirements as to a proposed cause of action for fraud. (4) In a cause of action for violation of civil rights, failure to file a timely claim against the government entity does not bar the action. (5) There was no substantial evidence to support the finding of the superior court that appellants made a conscious decision not to file suit or make a claim within the allowable time period.

## DISCUSSION

The law pertinent to the instant case was well summarized in *Williams* v. *Mariposa County Unified Sch. Dist.* (1978) 82 Cal.App.3d 843, 847 [147 Cal.Rptr. 452], as follows:

"An individual cannot bring a lawsuit against a public entity for personal injuries or property damage unless within 100 days after the accrual of the cause of action the individual has presented a written claim to the public entity involved, and the public entity has acted upon the claim or the claim has been deemed to have been rejected. (§§ 911.2, 945.4.)

"Where the claimant does not file a claim within the 100-day claim period, written application may be made to the public entity for leave to present a late claim. (§ 911.4, subd. (a).) The application must be filed within a reasonable time not to exceed one year after the accrusal of the cause of action. (§ 911.4, subd. (b).) The application must be granted if, inter alia, (1) the failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudiced thereby; . . . (§ 911.6, subd. (b)(1) . . .)"

If the public entity denies leave to present a late claim, a petition may be filed in the court otherwise having jurisdiction in the action, for an order relieving the petitioner of the requirement of filing a claim. (§ 946.6, subd. (a).) This relief shall be granted if the court finds that the application filed with the public entity for leave to present a late claim was made within a reasonable time not to exceed one year after the accrual of the cause of action and that, inter alia, the failure to present the

claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudiced thereby. (§ 946.6, subd. (c)(1).)

■ The superior court has broad discretion in granting or denying a petition for relief under section 946.6. (*County of Santa Clara* v. *Superior Court* (1971) 4 Cal.3d 545, 552 [94 Cal.Rptr. 158, 483 P.2d 774]; *Martin* v. *City of Madera* (1968) 265 Cal.App.2d 76, 79 [70 Cal.Rptr. 908].) This rule, however, does not preclude reversal of an order denying such relief where adequate cause for the relief is shown by uncontradicted evidence or affidavits of the petitioner. (*Viles* v. *State of California* (1967) 66 Cal.2d 24, 28 [56 Cal.Rptr. 666, 423 P.2d 818].) Also, an appellate court should be more rigorous in examining the denial of relief under section 946.6 than its allowance. (*Viles, supra,* at p. 29.)

It is against the just recited background of statutory and case law that we will consider appellants' contentions, and determine whether there was an abuse of discretion by the superior court. We first note that of the five appellants' contentions, three of them are not properly before this court as grounds for reversal of the superior court judgment. We refer to the two arguments for substantial compliance with the claims procedure, and the argument based on an action for violation of civil rights.

Appellants contend that they substantially complied with the claim filing requirements of sections 911.2 and 945.4 when they gave respondent's deputy a "formal written report" of the events in question within 100 days of the accrual of the alleged cause of action. It is our observation that this contention is inherently inconsistent with the relief sought in the superior court. As outlined above, the sequence of events by which one gets into court with a petition under section 946.6, requires first a failure to file a timely claim; then an application for leave to present a late claim followed by the denial of that application; then a petition in superior court for relief from the requirement of filing a claim. Section 946.6 specifies that the petition must show, inter alia, " . . . the reason for failure to present the claim within the time limit . . . ." Clearly, then, an argument on appeal that the petition should have been granted because a timely and substantially complete claim was in fact filed, is contradictory. ■ We conclude that the issue of substantial compliance with the claim filing requirements of sections 911.2 and 945.4 was not within the scope of the superior court proceeding, and that therefore no abuse of discretion could be founded upon such an argument. In addition, as we stated in footnote 1, appellants now seek to escalate a claim for injuries or criminal complaint into a claim against the county.

Appellants also contend that they substantially complied with the claim filing requirements of sections 911.2 and 945.4 when they filed with respondent claims for damages for fraud within 100 days of discovery of that fraud. The claims they refer to were submitted to respondent as part of their applications for leave to present late claims. (See FACTS, *ante.*) The fraud they refer to consisted of the alleged representations of respondent's deputy that the arrest records would be expunged. Appellants allege that this representation was false in that the records were not expunged, that respondent's deputy knew it was false when made, and that appellants relied on the representation to their detriment. We again find that this contention of appellants is not properly before this court. Our reasoning is the same as for the substantial compliance contention previously discussed. An argument that one filed a timely claim is inconsistent with a petition for relief under section 946.6, since such petition necessarily follows the denial of an application for leave to file a late claim. Again, we conclude that the issue of substantial compliance with sections 911.2 and 945.4 was outside the scope of the superior court proceeding, and that no abuse of discretion could be founded thereon. We also reiterate our comment relative to footnote 1.

■ There is a proper forum for raising the issue of substantial compliance with the claim filing requirements of sections 911.2 and 945.4. One who has a cause of action against a public entity for personal injury or property damage, and who has filed therewith a timely claim substantially complying with the requirements of sections 911.2 and 945.4, should file a complaint against that public entity within the appropriate statutory period and in the appropriate court. The complaint should allege that a timely claim for damages has been filed with the defendant. The issue of substantial compliance with the claim filing statutes, if it arises, will do so in the form of a demurrer to the complaint, a motion for summary judgment or nonsuit, a motion for judgment on the pleadings, or a motion to strike. It is in response to such demurrer or motion that arguments in support of substantial compliance with the claim filing statutes would properly be raised.[3] (See *Wheeler* v. *County of San Bernardino* (1978) 76 Cal.App.3d 841 [143 Cal.Rptr. 295]; *Dujardin* v. *Ventura County Gen. Hosp.* (1977) 69 Cal.App.3d 350 [138 Cal.Rptr. 20]; *Elias* v. *San Bernardino County Flood Control Dist.* (1977) 68 Cal.App.3d 70 [135 Cal.Rptr. 621]; *Jamison* v. *State of California* (1973) 31

---

[3] We did consider, in *Tyus* v. *City of Los Angeles* (1977) 74 Cal.App.3d 667 [141 Cal.Rptr. 630], a contention of substantial compliance with the claim filing statutes in an appeal from the denial of a petition under section 946.6. The contention was without support in the record, was clearly without merit, and we disposed of it in the interest of judicial economy. Upon reflection, we believe the issue of substantial compliance is more appropriately handled as heretofore discussed.

Cal.App.3d 513 [107 Cal.Rptr. 496]; *Stromberg, Inc. v. L.A. County Flood etc. Dist.* (1969) 270 Cal.App.2d 759 [76 Cal.Rptr. 183]; *Jackson* v. *Board of Education* (1967) 250 Cal.App.2d 856 [58 Cal.Rptr. 763]; *Rowan* v. *City etc. of San Francisco* (1966) 244 Cal.App.2d 308 [53 Cal.Rptr. 88].)

■ The other of appellants' contentions which we need not consider in determining whether the superior court abused its discretion in denying the petition, is that contention regarding a cause of action based on a violation of civil rights. (See APPELLANTS' CONTENTIONS, *ante.*) Appellants correctly state that the claims provisions of the Government Code are inoperative to an action brought under section 1983 of the federal Civil Rights Act, 42 United States Code section 1983. (*Williams* v. *Horvath* (1976) 16 Cal.3d 834, 842 [129 Cal.Rptr. 453, 548 P.2d 1125].) However, United States Code section 1983 actions can only be brought against individuals. (*Moor* v. *County of Alameda* (1973) 411 U.S. 693, 699-700 [36 L.Ed.2d 596, 603-604, 93 S.Ct. 1785]; *Monroe* v. *Pape* (1961) 365 U.S. 167, 187-191 [5 L.Ed.2d 492, 505-507, 81 S.Ct. 473].) Therefore, to the extent that appellants' claim was directed at the County of Los Angeles Sheriff's Department, *Williams* is not in point. (*Hasty* v. *County of Los Angeles* (1976) 61 Cal.App.3d 623, 626 [131 Cal.Rptr. 347].) Insofar as an action against the individual deputies is concerned, *Williams* holds that no claim need have been filed. Thus, to the extent that appellants' petition was intended as a prelude to an action against the individual deputies under 42 United States Code section 1983, appellants are correct. However, the unnamed individuals do not appear to have been made a party to the petition. (*Hasty, id.,* at p. 627.)

■ We now turn to appellants' contention that the court erred in failing to grant their petition relieving them from the claim filing requirements of sections 911.2 and 945.4, on the grounds that respondent should be estopped from urging compliance with those sections. ■ A governmental entity may be estopped from asserting noncompliance with the statutory claim filing requirements where a claimant has been misled by said entity's agents with respect to the procedural or time requirements of the claim statutes. (*Fredrichsen* v. *City of Lakewood* (1971) 6 Cal.3d 353, 357 [99 Cal.Rptr. 13, 491 P.2d 805]; *Cruise* v. *City and County of San Francisco* (1951) 101 Cal.App.2d 558, 564 [225 P.2d 988].)

■ As we stated above, the superior court has broad discretion in granting or denying a petition for relief under section 946.6. Furthermore, the burden of proving a basis for such relief is on the petitioner and he must meet that burden by a preponderance of the evidence. (*Shaddox* v.

*Melcher* (1969) 270 Cal.App.2d 598 [76 Cal.Rptr. 80].) Reversal of an order denying such relief is justified only where there was an abuse of discretion, as where adequate cause for the relief was shown by uncontradicted evidence or affidavits of the petitioner. (*Viles* v. *State of California, supra,* 66 Cal.2d at p. 28.) We shall therefore examine the record upon which the superior court made its decision and determine whether that record reflected uncontradicted evidence or affidavits showing the elements of estoppel.

In their petition, declaration in support of petition, points and authorities and supplemental points and authorities, and in oral argument by counsel before the court, appellants raised two distinct arguments for estoppel. First, they asserted that they failed to file a timely claim in reliance on the representation of respondent's deputy that their records of arrest would be expunged. Appellants asserted that this representation was accompanied by an implied request for a waiver of any claim of liability against respondent. The second of the estoppel arguments was that one of the appellants, within the 100-day claim filing period, inquired of respondent as to how to file a claim and was told not to worry and that the matter would be taken care of. Shortly thereafter another deputy took a "formal written report" from appellants. By such conduct, appellants asserted, they were misled into believing that no further claim was necessary and they therefore failed to file a timely claim.

Appellants' first argument for estoppel (reliance on the promise to expunge) appears to be subject to only two interpretations: (1) Appellants had no knowledge that a claim had to be filed, and they were dissuaded from inquiring further into the matter by the promise to expunge; or, (2) appellants knew a claim had to be filed and they consciously chose not to do so in reliance on the promise to expunge. Both these interpretations as to appellants' states of mind are inconsistent with their second argument for estoppel; that they intended to file a claim, inquired of the respondent how to do so, and were misled into believing that they had adequately done so upon giving the "formal written report." The court was thus faced with contradictory evidence, provided by the petitioners themselves, as to their states of mind preceding the 100-day claim filing deadline.

The court found in denying the petition that " . . . the evidence shows a conscious decision not to file suit or make a claim within the period allowed." This finding includes, by implication, a finding that there was no basis for an estoppel. Confronted with the contradictory arguments of

the petitioners as to their states of mind, the superior court chose to disregard both arguments and to interpret the events in a manner not inherently improbable; i.e., that petitioners made a conscious decision not to pursue any action against respondent, and that their decision was an independent one, not induced by conduct or representations of respondent's deputies. We find no abuse of discretion by the court in this decision, in light of the absence of uncontradicted evidence or affidavits of petitioners establishing a basis for estoppel. ■ The existence of an estoppel is a question of fact for the trial court, whose determination is conclusive on appeal unless the opposite conclusion is the only one that can be reasonably drawn from the evidence. (*Albers* v. *County of Los Angeles* (1965) 62 Cal.2d 250, 266 [42 Cal.Rptr. 89, 398 P.2d 129].) ■ In the present case, the court reasonably concluded that petitioners had not met their burden of establishing, by a preponderance of the evidence, that their failure to file a timely claim was induced by respondent.

■ Appellants raise as a separate contention that there was no substantial evidence to support the finding of the superior court. We reiterate that the court was reasonable in interpreting the events in a manner not inherently improbable, even though such interpretation was inconsistent with both of appellants' contradictory assertions regarding those events. We therefore find that there was substantial evidence to support the court's finding, and that there was no abuse of discretion.

The order denying appellants' petition is affirmed.

Ashby, J., and Hastings, J., concurred.

A petition for a rehearing was denied June 6, 1979.