[No. B020496. Second Dist., Div. Three. Jan. 4, 1988.]

SERGIO REYES, a Minor, etc., et al., Plaintiffs and Appellants, v. COUNTY OF LOS ANGELES, Defendant and Respondent.

COUNSEL

Hal W. Williams, Jr., and James E. Wright for Plaintiffs and Appellants.

Golman & Von Bolschwing, Bonne, Jones, Bridges, Mueller & O'Keefe, Peter Osinoff, Greines, Martin, Stein & Richland, Martin Stein and Timothy T. Coates for Defendant and Respondent.

OPINION

KLEIN, P. J.—Sergio Reyes (Sergio), a minor, by and through his guardian ad litem, Amalia Reyes (Reyes), and Reyes appeal from an order denying their petition for relief from the requirement of presenting a tort claim to respondent County of Los Angeles (County) prior to bringing suit.[1] (Gov. Code, §§ 945.4, 946.6, subd. (a).)[2]

Because the filing of such relief petition necessarily places in issue the accrual of the cause of action for purposes of determining whether the late claim application was timely filed, which is a factual matter for the trial court, and for additional reasons stated below, the order is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

The petition alleged: Reyes is a non-English-speaking native of El Salvador who was 20 years of age when she gave birth to her son Sergio on June 10, 1980, at Los Angeles County-University of Southern California Medical Center (County-USC). On June 13, 1980, Reyes noticed Sergio had problems including welts on his head and a broken collar bone. The physician's response to Reyes's inquiring what was wrong with Sergio was that Sergio was born that way, and it was Reyes's fault because she had squeezed him.

It was further alleged that in April 1983, Reyes discussed Sergio's problems with her sister, who advised Reyes to consult an attorney. On April 12, 1983, Reyes looked through the yellow pages and contacted Attorney Michael Fields (Fields). After Reyes told Fields the facts, Fields told her she did not have much of a case, and if Reyes wanted Fields to investigate whether she had a case, she would have to pay all the expenses. Reyes did not pursue the matter with Fields further.[3] In August 1983, Reyes discussed Sergio's problems with an acquaintance who recommended Reyes again consult an attorney. On September 15, 1983, Reyes contacted and retained the firm of Pollack Lintz Williams (Pollack). Shortly thereafter, her attorneys informed her that on the basis of their investigation, Sergio's condition probably resulted from negligent medical treatment at the time of delivery.

---

[1] The order is appealable. (*Toscano* v. *County of Los Angeles* (1979) 92 Cal.App.3d 775, 779 [155 Cal.Rptr. 146].)

[2] All subsequent statutory references are to the Government Code, unless otherwise indicated.

[3] Fields's deposition testimony is contrary: Reyes came to his office wanting to know whether she had a case against County-USC for malpractice for the aphasia condition of Sergio. Reyes mentioned she thought the forceps had caused a skull injury. Fields tried to arrange for a neurological consultation, to determine whether there was any causation. Reyes did not follow up on the matter. After repeated attempts to contact her, to no avail, on October 3, 1984, Fields wrote Reyes he was closing the file due to her lack of cooperation, and urged her to consult another attorney.

On November 18, 1983, Reyes and Sergio filed a claim with the County Board of Supervisors. (§ 911.2.) On January 5, 1984, the claim was denied.

On May 23, 1984, an application was made for leave to present a late claim. (§ 911.4, subd. (a).) On July 9, 1984, the late claim was denied.

The petition for relief from the requirement of filing a claim (§ 946.6) was filed August 29, 1984. After several continuances for purposes of taking discovery, the matter was heard April 14, 1986. In an order filed May 20, 1986, the trial court denied the petition with prejudice, holding the late claim application submitted to the County was filed in excess of the jurisdictional time limits.

Sergio and Reyes appealed.

### CONTENTIONS

Reyes and Sergio contend the trial court erred in denying the petition with prejudice, because (1) they alleged the original claim was timely filed within 100 days of accrual of the cause of action; (2) they alleged the elements of fraud and intentional concealment to toll accrual, making the original claim timely; (3) the writs and receivers department of the superior court had maintained a policy of consistently denying, without prejudice, all such petitions claiming timely filing, based on *Toscano* v. *County of Los Angeles, supra,* 92 Cal.App.3d 775, and *Shank* v. *County of Los Angeles* (1983) 139 Cal.App.3d 152 [188 Cal.Rptr. 644], enabling such petitioners to pursue suit wherein the allegations of timely filing could be adjudicated; and (4) they were placed in a dilemma as to whether to file a petition for relief, as urged by the County, or file the complaint alleging timely filing and risk having failed to complete the government claims process.

### DISCUSSION

1. *General principles.*

The applicable law is well summarized in *Toscano* v. *County of Los Angeles, supra,* at pages 781-782, as follows: " 'An individual cannot bring a lawsuit against a public entity for personal injuries or property damage unless within 100 days after the accrual of the cause of action the individual has presented a written claim to the public entity involved, and the public entity has acted upon the claim or the claim has been deemed to have been rejected. (§§ 911.2, 945.4.) [¶] Where the claimant does not file a claim within the 100-day claim period, written application may be made to the public entity for leave to present a late claim. (§ 911.4, subd. (a).) The

application must be filed within a reasonable time not to exceed one year after the accrual [*sic*] of the cause of action. (§ 911.4, subd. (b).) The application must be granted if, inter alia, (1) the failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudiced thereby; . . . (§ 911.6, subd. (b)(1) . . .)' [¶] If the public entity denies leave to present a late claim, a petition may be filed in the court otherwise having jurisdiction in the action, for an order relieving the petitioner of the requirement of filing a claim. (§ 946.6, subd. (a).) This relief shall be granted if the court finds that the application filed with the public entity for leave to present a late claim was made within a reasonable time not to exceed one year after the accrual of the cause of action and that, inter alia, the failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudiced thereby. (§ 946.6, subd. (c)(1).)"

◼ Stating the applicable standard of appellate review, the *Shank* court wrote: "The granting or denial of a petition for relief under section 946.6 rests within the discretion of the trial court and its determination will not be disturbed on appeal except for abuse of that discretion. [Citations.] It is true that an appellate court more carefully scans the denial than the allowance of such relief to the end that wherever possible cases may be heard on their merits. [Citation.] Nevertheless, we cannot arbitrarily substitute our judgment for that of the trial court. [Citation.] 'Unless, ultimately, each case of this nature is to be decided by the Court of Appeal as if no trial court had ever acted on the petition, we must be careful to preserve the area of the superior court's discretion, and we must do this in fact, as well as in words.' " (*Shank* v. *County of Los Angeles, supra,* 139 Cal.App.3d at p. 156.)

*2. Trial court properly denied the petition, as application for leave to file late claim was not filed within one year of accrual of cause of action.*

As indicated, before a court may relieve a potential plaintiff of the claim requirement of section 945.4, the plaintiff must demonstrate, inter alia, the application to the public entity for leave to file a late claim was presented within a reasonable time, not to exceed one year after the accrual of the cause of action. (§ 946.6, subd. (c)(1); *Shank* v. *County of Los Angeles, supra,* 139 Cal.App.3d at p. 156.)

The trial court denied the petition, finding the cause of action accrued on April 12, 1983, when Reyes consulted attorney Fields, and the application for leave to present a late claim was not filed until May 23, 1984, over 13 months later. The essential question thus presented on appeal is the date of accrual of the cause of action.

Reyes and Sergio seek a tolling of the time of accrual on the ground Fields's discouraging advice delayed the discovery of their potential claim. Even assuming Fields discouraged Reyes and Sergio, which on this record is questionable, the contention is unavailing, for the reasons stated *infra*.

a. *Gutierrez v. Mofid (1985) 39 Cal.3d 892 [218 Cal.Rptr. 313, 705 P.2d 886], case controlling.*

Preliminarily, we observe section 901 provides in relevant part: "For the purpose of computing the time limits prescribed by Sections 911.2, 911.4, . . . and 945.6, the date of the accrual of a cause of action to which a claim relates is the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto if there were no requirement that a claim be presented to and be acted upon by the public entity before an action could be commenced thereon."

In *Gutierrez* v. *Mofid, supra,* 39 Cal.3d at page 900, the Supreme Court considered the effect of discouraging legal advice upon statutes of limitation, and concluded "the risk that discouraging legal advice will lead to loss of a cause of action must fall upon the plaintiff who obtains that advice, rather than upon a wholly uninvolved defendant[,] as [i]n that situation, 'the right to be free of stale claims . . . comes to prevail over the right to prosecute them.' "

*Gutierrez* recognized "all lay plaintiffs are equally dependent on attorneys to evaluate the legal merits of their claims. No plaintiff can be expected to file a suit a lawyer has told him is invalid." (*Id.,* at p. 900, fn. 2.) However, *Gutierrez* refused to toll limitations periods in cases of discouraging legal advice by a third person, observing such a rule would allow open-ended liability. (*Ibid.*)

*Gutierrez* thus followed existing law and adhered to "the uniform California rule . . . that a limitations period dependent on discovery of the cause of action begins to run no later than the time the plaintiff learns, or should have learned, the facts essential to his claim. [Citations.] It is irrelevant that the plaintiff is ignorant of his legal remedy or the legal theories underlying his cause of action. . . . [I]f one has suffered appreciable harm and knows or suspects that professional blundering is its cause, . . ." that is sufficient to commence the running of the limitations period. (*Id.,* at pp. 897-898, italics deleted.)

Reyes maintains the first knowledge she had of medical negligence was some time after she retained the Pollack firm; however, as set forth *ante,*

actual knowledge is not the test. Moreover, without regard to the events prior to Reyes's consultation with Fields, it is facially apparent from Reyes's declaration in support of the petition that by the time she spoke with Fields in April 1983, she had begun to suspect medical malpractice. By that time, Reyes's "reasonably founded suspicions were undeniably aroused," and she "had become alerted to the necessity for investigation and pursuit of her remedies," giving rise to accrual of the cause of action. (*Sanchez* v. *South Hoover Hospital* (1976) 18 Cal.3d 93, 102 [132 Cal.Rptr. 657, 553 P.2d 1129].)

Under the compulsion of *Gutierrez,* we reject Reyes's contention "that reliance on [Fields's] advice postpones the time of 'discovery,' thus extending the limitations period applicable to one who had already come to suspect [s]he is a victim of malpractice." (*Gutierrez* v. *Mofid, supra,* 39 Cal.3d at p. 898.) Because the cause of action accrued no later than April 12, 1983, and the application for leave to file a late claim was not filed within a year thereof, the only manner in which the trial court could exercise its discretion was to deny the petition. (§§ 946.6, subd. (c), 911.4, subd. (b).)

Because the late claim was not filed within the year, we need not reach the merits of the petition for relief.

b. *Accrual with respect to Sergio.*

■ Sergio's minority and mental incapacity do not compel a different result.

"Where the plaintiff is a minor, it is not the knowledge or lack thereof of the minor, but the knowledge or lack thereof of the minor's parents which determines the time of accrual of the cause of action." (*Whitfield* v. *Roth* (1974) 10 Cal.3d 874, 885 [112 Cal.Rptr. 540, 519 P.2d 588]; accord *Hernandez* v. *County of Los Angeles* (1986) 42 Cal.3d 1020, 1023-1024 [728 P.2d 1154].)

Nor does mental incapacity of a minor excuse the requirement of filing an application for leave to file a late claim within one year of accrual. In *Hernandez,* a claim was not timely filed on behalf of a minor suffering profound mental retardation and severe physical handicaps allegedly caused by negligent medical care at a county hospital immediately before, during and after his birth. (*Hernandez* v. *County of Los Angeles, supra,* at p. 1022.) The minor sought a tolling pursuant to section 911.4. subdivision (b). That subdivision, after providing an application for late claim must be presented within a year of accrual, continues: "In computing the one-year period under this subdivision, time during which the person who sustained the

alleged injury, . . . is a minor shall be counted, but *the time during which he is mentally incapacitated and does not have a guardian or a conservator of his person shall not be counted.*" (Italics added.)

*Hernandez* recognized "whenever a child is injured it is invariably the child's parents or guardian rather than the child who files a claim for recovery; since a parent or guardian is equally capable of filing a claim whether or not the injured child is mentally incapacitated, . . . the tolling provision was intended to apply only to mentally incapacitated adults who lack a guardian or conservator." (*Id.,* at p. 1025.)

*Hernandez* therefore concluded "an injured minor who has parents capable of acting on his behalf may not invoke the tolling provisions of section 911.4, subdivision (b) even if the minor is mentally incapacitated." (*Id.,* at pp. 1025-1026.) The fact that a minor is not permitted to prosecute a claim through the courts without a guardian ad litem does not alter this result, and the time for filing a late claim is not tolled until the minor's parent is formally appointed guardian ad litem by a court. (*Id.,* at pp. 1026-1027.)

3. *Reyes and Sergio's contentions unavailing.*

a. *Toscano and Shank cases misconstrued.*

█ *Toscano* v. *County of Los Angeles, supra,* 92 Cal.App.3d at page 783, held "[a]n argument that one filed a timely claim is inconsistent with a petition for relief under section 946.6, since such petition necessarily follows the denial of an application for leave to file a late claim." Because a petition for relief presupposes a failure to file a claim within 100 days, "the issue of substantial compliance with the claim filing requirements of sections 911.2 and 945.4 [*is*] *not within the scope of the superior Court proceeding,* . . ." (*Id.,* at p. 782, italics added; accord *Shank* v. *County of Los Angeles, supra,* 139 Cal.App.3d at p. 158.) At that juncture, the issue of substantial compliance is simply irrelevant. (*Shank* v. *County of Los Angeles, supra,* at p. 158.) The key factors on ruling on a petition for relief are whether (1) the late claim was filed within a reasonable time not exceeding one year of accrual, and (2) good cause exists for relief. (§ 946.6.)

However, in reliance on the above language that the *issue* of substantial compliance is not within the *superior court proceeding,* Reyes and Sergio repeatedly submit that under *Toscano* and *Shank,* where a petition for relief alleges timely filing of the original claim, the superior court has no *jurisdiction* over the petition and cannot determine whether the original claim was timely filed. This contention disregards the fact that the question of accrual is central to determining the timeliness of the late claim. Not only is Reyes

and Sergio's argument a complete distortion of the relevant portion of the above cases, but Reyes and Sergio filed their petition in superior court, thereby submitting to the court's jurisdiction. The argument is frivolous.

■ Reyes and Sergio also maintain the writs and receivers department of the superior court has had a policy, deriving from *Toscano* and *Shank,* that where a petitioner alleges timely filing of the original claim, such petition is routinely denied without prejudice, allowing the petitioner to proceed with a lawsuit. The contention has no merit. Even assuming the existence of such a policy, it is not binding on this court, which must resolve this case in accordance with the applicable law.

b. *County not estopped from requiring compliance with claims statutes.*

■ Raising an estoppel argument, Reyes and Sergio contend the County should be estopped because (1) upon denying the original claim on January 5, 1984, the County notified Reyes and Sergio's attorneys their only recourse was to apply for leave to file a late claim; and (2) when the late claim was denied on July 9, 1984, the County notified counsel they could petition the superior court for relief.

This contention similarly fails. At the relevant time, Reyes and Sergio were represented by counsel who were fully responsible for the prosecution of the matter, and both notices were mailed to the Pollack office.

Further, the notices from the County did not suggest it was waiving any statutes of limitation, and each notice suggested the claimants "seek the advice of an attorney." Following the denial of the original claim on January 5, 1984, the County's invitation to Reyes and Sergio to file a late claim did not suggest the time for filing a late claim was open-ended. The notice did not imply the time for filing a late claim would be extended to beyond the one-year mark.

c. *Allegations of fraud/intentional concealment do not toll accrual.*

At paragraph nine of the petition, Reyes and Sergio alleged the original claim could not have been presented "any earlier, as the medical personnel at [County-USC] concealed the fact that petitioners' injuries resulted from medical negligence."

Relying on *Young* v. *Haines* (1986) 41 Cal.3d 883 [226 Cal.Rptr. 547, 718 P.2d 909], and Code of Civil Procedure section 340.5, Reyes and Sergio maintain the above allegation of fraud and intentional concealment tolls

accrual. Such allegation does not alter the fact, however, that by April 12, 1983, the cause of action had accrued. ■ Concealment does not toll accrual once discovery has occurred. (*Young* v. *Haines, supra,* at p. 901.)[4]

d. *Jury trial contention fails.*

Although raised for the first time in Reyes and Sergio's reply brief, in light of the significance of the case to them, we address the contention.

Where the initial claim is denied, the claimant has the option of proceeding with suit. (§ 945.6.) Alternatively, the claimant may apply for leave to file a late claim and then a petition for relief. The petition for relief necessarily places in issue the accrual of the cause of action, which question is then resolved in a nonjury proceeding. (*Gurrola* v. *County of Los Angeles* (1984) 153 Cal.App.3d 145, 153 [200 Cal.Rptr. 157].)

■ Reyes and Sergio now contend the nonjury setting of the hearing on the petition for relief denied them their right to a jury determination of the factual issue of accrual. However, Reyes and Sergio, *not the County,* sought a court determination of the accrual issue by way of filing the petition for relief. Having chosen that forum, Reyes and Sergio cannot now complain of deprivation of the right to a jury. (*Ibid.*)

e. *Contention re insufficient notice similarly fails.*

■ Section 913 specifically provides for the notice a governmental entity must give when it rejects a claim. If written notice is given in accordance with said section, suit must be commenced within six months of the notice. (§ 945.6, subd. (a)(1).) If written notice is not given in accordance with section 913, the claimant has two years from the accrual of the cause of action to file suit. (§ 945.6, subd. (a)(2).)

The January 5, 1984, denial of the initial claim, a copy of which appears in the clerk's transcript, did not, contrary to section 913, indicate Reyes and Sergio had only six months from the date of the notice to file a court action on their claim. Reyes and Sergio did not raise this issue in the trial court, which like the jury trial issue, is mentioned for the first time in the reply brief. However, we briefly dispose of it. The insufficient notice tolled the time for suit to April 12, 1985, two years after accrual. Reyes and Sergio did

---

[4] Moreover, intentional concealment requires something more than a mere continuation of the original nondisclosure. (*Trantafello* v. *Medical Center of Tarzana* (1986) 182 Cal.App.3d 315, 321 [227 Cal.Rptr. 84].)

not utilize the extended time to file suit, electing instead to pursue the late claim and petition for relief remedies.[5, 6]

### CONCLUSION

Notwithstanding the calculated obfuscation in Reyes and Sergio's briefs, this is not a complicated case. The basis for the trial court's denial of the petition for relief was Reyes and Sergio's failure to file a late claim within one year of accrual. While this court sympathizes with Sergio's medical problems and Reyes's anguish, the order must be affirmed.

### DISPOSTION

The order is affirmed. Reyes and Sergio to bear costs on appeal.

Arabian, J., concurred.

Appellants' petition for review by the Supreme Court was denied March 23, 1988.

---

[5] Shortly before oral argument, Reyes and Sergio filed a request to augment the clerk's transcript, which was granted. The augmentation primarily consisted of a complaint for medical malpractice filed on Sergio's behalf under a different case number in the superior court. The complaint was filed September 12, 1984, two weeks after the filing of Reyes and Sergio's petition for relief pursuant to section 946.6, subdivision (a).

Having elected to pursue the late claim and petition procedure, Reyes and Sergio were bound thereby, and the filing of the complaint is without import.

[6] Reyes and Sergio do not contend the trial court erred in denying their petition, but submit the proper ruling would have been a denial of their petition, without prejudice, so they could proceed with their lawsuit.