[No. B029858. Second Dist., Div. Two. Feb. 2, 1989.]

JAMES MICHAEL NGO, a Minor, etc., et al., Plaintiffs and Appellants, v.
COUNTY OF LOS ANGELES et al., Defendants and Respondents.

**COUNSEL**

S. K. Khalsa and Lawrence C. Bragg for Plaintiffs and Appellants.

Bonne, Jones, Bridges, Mueller, O'Keefe & Hunt, Peter R. Osinoff, Greines, Martin, Stein & Richland and Martin Stein for Defendants and Respondents.

## Opinion

**COMPTON, J.**—In this case we again deal with the recurring problem of the procedure to be followed under the California Tort Claims Act (Gov. Code, § 810 et seq.)[1] in actions where there exists a factual dispute between the claimant and the governmental entity as to whether a timely claim was filed as required by the act.

James Michael Ngo was born March 5, 1985, at the Martin Luther King Hospital, a medical facility operated by the County of Los Angeles (County). On November 24, 1986, his parents (petitioners), on his behalf and on behalf of themselves individually, filed a claim with the County alleging that medical malpractice on the part of County personnel at the time of his birth had resulted in permanent brain damage.

The filing of such claim was a condition precedent to instituting an action for damages against the County since section 911.2 as it read at the time provided, in part: "A claim relating to a cause of action for death or for injury to person . . . shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than the 100th day after the *accrual of the cause of action*. . . ."[2] (Italics added.)

Section 901 directs that the date of accrual of a cause of action shall be determined by the statute of limitations which would be applicable thereto absent the claim filing requirement.

By virtue of Code of Civil Procedure section 340.5, an adult's cause of action against a health care provider accrues on the date of the injury or on the date when the injury reasonably should have been discovered. The statute of limitations is three years from the injury or one year from the discovery, whichever is the shorter period.

As to minors, that same statute provides, in part, that an action shall be commenced within three years from the date of the alleged wrongful act or, if the minor is under the full age of six years, prior to his eighth birthday, whichever provides the longer period.

The parties here are in agreement that as to the petitioners' individual actions, the cause of action accrued on the date that the injury to the child and its cause should have reasonably been discovered by the parents. As to the minor's action, the parties also agree, in spite of the fixed period

---

[1] All further references are to the Government Code unless otherwise indicated.

[2] The statute has since been amended to extend the time for filing to six months after the accrual of the cause of action.

prescribed in Code of Civil Procedure section 340.5 and the use of the term "unlawful act," that insofar as the *claims statute* is concerned, the time limitations began to run on the same date the parents' individual causes of action accrued. (*Hernandez* v. *County of Los Angeles* (1986) 42 Cal.3d 1020 [728 P.2d 1154]; *Young* v. *Haines* (1986) 41 Cal.3d 883 [226 Cal.Rptr. 547, 718 P.2d 909].)

Petitioners claim that even though the negligence occurred at the birth on March 5, 1985, they did not discover the true nature of the infant's problem or its cause until just a day before they filed their original claim with the County. Thus, petitioners contend that in accord with Code of Civil Procedure section 340.5 and section 901, the original claim was timely filed.

Since more than 100 days had elapsed between the birth of the child and the filing of the claim, County, in order to preserve the issue of timeliness, rejected the claim as untimely and provided petitioners with the notice required by section 911.3 as follows: "Your only recourse at this time is to apply without delay to the Los Angeles County Board of Supervisors for leave to present a late claim. See Sections 911.4 to 912.2, inclusive, and section 946.6 of the Government Code. Under some circumstances, leave to present a late claim will be granted."[3]

Petitioners applied to the County for leave to file a late claim; and when the County denied that application, they filed a petition in the superior court for relief from the claim requirement pursuant to section 946.6. That court denied the petition finding, inter alia, that the application to the County was not made within one year from the accrual of the cause of action. This appeal follows. Apparently no complaint has yet been filed.

Under the circumstances of this case it is patent that determining the date on which the cause of action accrued is critical to petitioners'

---

[3] At the time section 911.4 provided in pertinent part: "(a) When a claim that is required by Section 911.2 to be presented not later than the 100th day after the accrual of the cause of action *is not presented within such time,* a written application may be made to the public entity for leave to present such claim. (b) The application shall be presented to the public entity . . . within a reasonable time *not to exceed one year after the accrual of the cause of action* and shall state the reason for the delay in presenting the claim. . . ." (Italics added.)

Section 946.6 provided in pertinent part: "(a) Where an application for leave to present a claim is denied . . . a petition may be made to the court for an order relieving the petitioner from the provisions of Section 945.4. . . . [¶] (b) The petition must show (1) that application was made . . . and was denied . . . , (2) the reason for failure to present the claim within the time limit specified. . . . The petition shall be filed within six months after the application to the board is denied . . . . [¶] (c) The court shall relieve the petitioner from the provisions of Section 945.4 if the court finds that the application . . . was made within a reasonable time not to exceed that specified in subdivision (b) of Section 911.4 and was denied . . . and that: [¶] (1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity establishes that it would be prejudiced if the court relieves the petitioner from the provisions of Section 945.4 . . . ."

ultimate success. Any complaint that may be filed would require allegations that the claim requirement was complied with, that is, filed within 100 days of the accrual of the cause of action, and as to the parents' individual actions, that the statute of limitations was properly tolled. As to the minor, of course, he is still well short of his eighth birthday so that no statute of limitations problem appears to exist.

Were petitioners proceeding against a nongovernmental defendant, the issue of the statute of limitations would, of course, be a jury question (*Blake v. Wernette* (1976) 57 Cal.App.3d 656 [129 Cal.Rptr. 426]; *Baker v. Beech Aircraft Corp.* (1974) 39 Cal.App.3d 315 [114 Cal.Rptr. 171, 91 A.L.R.3d 981]); and so long as there exists any triable issue of fact as to whether there was timely compliance with the claims statute, both issues would be jury questions in an action against the County.

In rejecting the original claim as untimely, the County inferentially disputed petitioners' assertion as to delayed discovery and the trial court's denial of relief resulted from a resolution of that factual issue in favor of the County.

In *Scott v. County of Los Angeles* (1977) 73 Cal.App.3d 476 [140 Cal.Rptr. 785], a case procedurally and factually similar to the one at bench, we held that the proceedings under section 946.6 were a redundancy and that the petitioner in that case was free to proceed on a complaint notwithstanding the trial court's refusal to grant relief and rejection of petitioner's claim of late discovery.

Subsequently, in *Toscano v. County of Los Angeles* (1979) 92 Cal.App.3d 775, 783 [155 Cal.Rptr. 146], it was held that: "An argument that one filed a timely claim is inconsistent with a petition for relief under section 946.6, since such petition necessarily follows the denial of an application for leave to file a late claim. . . . [¶] There is a proper forum for raising the issue of substantial compliance with the claim filing requirements of sections 911.2 and 945.4. One who has a cause of action against a public entity for personal injury or property damage, and who has filed therewith a timely claim substantially complying with the requirements of section 911.2 and 945.4, should file a complaint against that public entity within the appropriate statutory period and in the appropriate court. The complaint should allege that a timely claim for damages has been filed with the defendant. . . ." While here, petitioners are technically not alleging "substantial compliance" but actual compliance, the rationale of *Toscano* is equally applicable.

In *Reyes v. County of Los Angeles* (1988) 197 Cal.App.3d 584 [243 Cal.Rptr. 35], the court rejected a claimant's arguments that the above

quoted language from *Toscano* was a holding that the trial court had no jurisdiction to determine the timeliness of the claim in a proceeding under section 946.6. The *Reyes* court held that by filing the petition under section 946.6, petitioners had submitted to the jurisdiction of the court and that in effect the determination of the date of the accrual of that cause of action was binding. (See also *Rodriguez* v. *County of Los Angeles* (1985) 171 Cal.App.3d 171 [217 Cal.Rptr. 69].)

We respectfully disagree with that holding. It seems clear to us from the language of the statute and the language in *Toscano* that the court in a proceeding under section 946.6 lacks the power to determine questions that should properly be left to a jury.

■ A proceeding under section 946.6 is not a trial of the action itself and the court in those proceedings has no more power than would the court handling the action itself to grant what amounts to a summary judgment so long as there are triable issues of fact concerning whether or not the claims statutes were complied with.

The procedure set forth in section 946.6 is simply an avenue of relief similar to Code of Civil Procedure section 473 in providing relief from default (*Shank* v. *County of Los Angeles* (1983) 139 Cal.App.3d 152 [188 Cal.Rptr. 644]), and is not designed to resolve the issue of actual compliance with the claim filing requirements.

Contrary to the implication in *Reyes* v. *County of Los Angeles, supra,* 197 Cal.App.3d 584; *County of Los Angeles* v. *Superior Court* (1985) 169 Cal.App.3d 1095 [215 Cal.Rptr. 699]; and *Gurrola* v. *County of Los Angeles* (1984) 153 Cal.App.3d 145 [200 Cal.Rptr. 157], we are of the opinion that seeking relief under section 946.6 is not an election of remedies which, if unsuccessful, subjects the petitioner to a claim of collateral estoppel as to factual findings made therein. (*Rason* v. *Santa Barbara City Housing Authority* (1988) 201 Cal.App.3d 817 [247 Cal.Rptr. 492].) A trial court's granting of relief under section 946.6 is not a determination of compliance but one of excusing compliance. Similarly, a trial court's denial of relief is not a determination of lack of compliance but only that compliance will *not* be excused.

■ Petitioners here seem to argue that whenever triable issues of fact as to when the cause of action accrued reasonably appear to exist, then necessarily a claimant should be excused from compliance. The vice in that approach is that it is the flip side of the reasoning in *Reyes, supra,* in that the governmental entity would then be foreclosed from later litigating the factual issues. This is contrary to the thrust of the statute which requires the

governmental entity to reject a claim as untimely in order to preserve the issue for litigation. (§ 911.3.)

While we perceive no bar to a claimant simultaneously seeking relief under section 946.6 and filing a complaint alleging compliance with the claims statute, petitioners here have consistently taken the position that there was actual compliance. We therefore must affirm the trial court's order. Petitioners are, however, free to proceed on a complaint which properly pleads compliance with the claims statute and Code of Civil Procedure section 340.5 unaffected by the trial court's rejection in these proceedings of petitioners' claim of delayed discovery.[4]

The order is affirmed. Each side to bear costs on appeal.

Roth, P. J., and Gates, J., concurred.

The petition of respondent County of Los Angeles for review by the Supreme Court was denied April 26, 1989.

---

[4] Since the issue is not here presented, we express no opinion on whether Code of Civil Procedure section 356, which tolls the statute of limitations where commencement of an action is stayed by a statutory prohibition, would operate to toll the statute of limitations on the parents' individual claims during the period of time devoted to pursuing relief under section 946.6.