Filed 2/14/25  Carmody v. City of Los Angeles CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| JAMES F. CARMODY, | B334793 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 23STCP02549) |
| v. | |
| CITY OF LOS ANGELES, | |
| Defendant and Respondent. | |

        APPEAL from an order of the Superior Court of Los Angeles County, Curtis A. Kin, Judge.  Affirmed.

        Lenze Lawyers and Jennifer A. Lenze for Plaintiff and Appellant.

        Vanderford & Ruiz, Rodolfo F. Ruiz and John T. Rosenthal for Defendant and Respondent.

# INTRODUCTION

James Carmody appeals from an order denying his petition under the Government Claims Act (Gov. Code, § 810 et seq.)[1] for relief from the requirement a plaintiff must present a personal injury claim to a public entity no later than six months after the cause of action accrues.  Carmody argues that the trial court erred in determining when his causes of action accrued because such a determination was for a jury and that the court erred in finding he failed to use reasonable diligence in pursuing his claim.  We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

A.      *Carmody Falls at Los Angeles International Airport*

According to Carmody, he traveled through Los Angeles International Airport on April 14, 2022, on his way from New Zealand to Massachusetts, where he lives.  As Carmody rode up an escalator, he dropped a bag.  He went to retrieve it by walking down a non-operative escalator.  Carmody slipped, fell to the bottom of the escalator, and broke his clavicle.

After receiving medical care in a local emergency room, Carmody returned to Massachusetts.  There he saw an orthopedist, who told Carmody surgery was not necessary. Six months later, however, Carmody's clavicle had not healed, and he had corrective surgery on October 16, 2022.

---

[1]      Undesignated statutory references are to the Government Code.

B.    *Carmody Files a Petition for Leave To File a Late Claim*

In December 2022 Carmody retained an attorney to file a claim for damages against the airport, which is owned by the City of Los Angeles.  Because it had been more than six months since he was injured, Carmody applied to the City on December 30, 2022 for leave to file a late claim for personal injuries.  (See § 911.2, subd. (a) ["A claim relating to a cause of action for death or for injury to person . . . shall be presented [to a public entity] not later than six months after the accrual of the cause of action."].)  Carmody stated in his application he "had been under the good faith belief he had two years in which to file a claim should his injury not heal," as he had originally expected.  The City denied Carmody's application.

In July 2023 Carmody filed a petition in superior court under section 946.6 for relief from the six-month filing requirement.  Carmody stated in his petition that his claim was "founded upon a cause of action for negligence and premises liability that occurred [*sic*] on April 14, 2022" and that he did not file an action "during the statutory period . . . because of mistake, inadvertence, surprise, and excusable neglect."  In his supporting memorandum of points and authorities Carmody stated that, as he said was described in his accompanying declaration, he "was under the erroneous belief that there [were] two years in which to file a claim for personal injury.  Following his surgery in October of 2022, *i.e.* the worsening of his condition, he pursued legal action and signed a contract in December of 2022."  Though the memorandum referred to a declaration by Carmody, the only declaration filed with the petition was from counsel for Carmody.

3

The City opposed the petition and argued Carmody failed to submit evidence of his belief he had two years to file a claim against the City, "how he came to" that belief, or "any other circumstances that may justify granting the relief sought." Responding to the City's argument he had not submitted a declaration, Carmody submitted a reply declaration stating (1) he was a citizen of Massachusetts, (2) he retained counsel in December 2022, (3) initially his injury "was to be treated non-operatively but ultimately [he] had to have surgery on October 16, 2022," and (4) he "understood [he] had a two year statute of limitations from the time of injury in California."

C.    *The Trial Court Denies Carmody's Petition*

The trial court denied Carmody's petition. The court stated that Carmody claimed he was injured on April 14, 2022 and that a claim relating to a cause of action for personal injury had to be presented to a public entity no later than six months after the cause of action accrued. Therefore, the court concluded, Carmody had until October 14, 2022 to present a timely claim to the City.

The court also ruled the statement in Carmody's memorandum of points and authorities in support of his petition, i.e., that he was under the mistaken belief he had two years to file a claim for personal injury, was not evidence. And, the trial court concluded, even if the court were to consider the declaration Carmody filed with his reply, that declaration was insufficient to show mistake, inadvertence, surprise, or excusable neglect to justify relief from the six-month filing requirement in section 911.2, subdivision (a). The court ruled Carmody's declaration did not "state how he arrived at [the] belief" he had two years to file a claim, "discuss his efforts to investigate the

4

statute of limitations, or demonstrate any reasonable diligence to discover the time to present a claim to respondent." Carmody timely appealed.[2]

**DISCUSSION**

A.    *Applicable Law and Standard of Review*

The Government Claims Act provides, "as a general rule, that no suit for money or damages may be maintained against a public entity unless a timely written claim has first been presented to it. [Citations.] A claim for an 'injury to person' must be presented 'not later than six months after the accrual of the cause of action.' [Citation.] 'When a claim . . . is not presented within [the required] time, a written application may be made to the public entity for leave to present that claim.' [Citation.] 'The application shall be presented to the public entity . . . within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim.'" (*N.G. v. County of San Diego* (2020) 59 Cal.App.5th 63, 72 (*N.G.*), fn. omitted; see §§ 911.2, subd. (a), 911.4, subd. (b).)

"If the public entity denies the application to file a late claim, section 946.6 authorizes the injured party to petition the trial court for relief from the claim filing requirements. In ruling on the petition, the trial court 'shall relieve the petitioner from the requirements of Section 945.4' to timely file a claim if

---

[2]    An order denying a petition for leave to file a late claim under section 946.6 is appealable. (*Ebersol v. Cowan* (1983) 35 Cal.3d 427, 435, fn. 8; *DeVore v. Department of California Highway Patrol* (2013) 221 Cal.App.4th 454, 459.)

two requirements are met.  [Citation.]  First, the application to the public entity to file a late claim must have been made within a reasonable time not exceeding one year after the accrual of the cause of action.  [Citation.]  Second, one of the four circumstances set forth in section 946.6, subdivision (c) must be shown by a preponderance of the evidence.  [Citations.]  One of these circumstances is . . . '[t]he failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner from the requirements of Section 945.4.'"  (*N.G.*, *supra*, 59 Cal.App.5th at p. 72; see § 946.6, subd. (c).)  "In deciding a petition for relief from the claim filing requirements, a trial court considers 'the petition, any affidavits in support of or in opposition to the petition, and any additional evidence received at the hearing on the petition.'"  (*N.G.*, at pp. 72-73; see § 946.6, subd. (e); *Rubenstein v. Doe No. 1* (2017) 3 Cal.5th 903, 906; *J.J. v. County of San Diego* (2014) 223 Cal.App.4th 1214, 1219-1220.)

"To obtain relief under section 946.6, subdivision (c)(1), '[t]he mere recital of mistake, inadvertence, surprise or excusable neglect is not sufficient to warrant relief.  Relief on grounds of mistake, inadvertence, surprise or excusable neglect is available only on a showing that the claimant's failure to timely present a claim was reasonable when tested by the objective "reasonably prudent person" standard.'"  (*N.G.*, *supra*, 59 Cal.App.5th at pp. 73-74; see *Renteria v. Juvenile Justice, Department of Corrections & Rehabilitation* (2006) 135 Cal.App.4th 903, 909-910.)  "Under the reasonably prudent person standard, '[e]xcusable neglect is that neglect which might have been the act of a reasonably prudent person under the circumstances.'"  (*N.G.*,

6

at p. 74; see *Renteria*, at p. 910.) "A showing of reasonable diligence is required to establish that the petitioner acted as a reasonably prudent person. When excusable neglect is claimed based on ignorance of a fact or failure to act on it, '[a] person seeking relief must show more than just failure to discover a fact until too late; or a simple failure to act. He [or she] must show by a preponderance of the evidence that in the use of reasonable diligence, he [or she] could not discover the fact or could not act upon it.'" (*N.G.*, at p. 74; see *Barragan v. County of Los Angeles* (2010) 184 Cal.App.4th 1373, 1383.)

"Upon finding an adequate showing that warrants relief, the trial court must then decide if granting the petition would be prejudicial to the public entity. [Citation.] In the absence of any evidence of particular prejudice to the public entity, a trial court abuses its discretion in denying a petition [citations], and if a denial is reversed for abuse of discretion the public entity is not entitled to marshal further evidence of prejudice on remand." (*DeVore v. Department of California Highway Patrol* (2013) 221 Cal.App.4th 454, 459; see § 946.6, subd. (c)(1); *Ebersol v. Cowan* (1983) 35 Cal.3d 427, 432.)

"The decision to grant or deny a petition seeking relief under section 946.6 is within the sound discretion of the trial court and will not be disturbed on appeal except for an abuse of discretion." (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 275; accord, *N.G.*, *supra*, 59 Cal.App.5th at p. 73.) "Section 946.6 is a remedial statute intended 'to provide relief from technical rules that otherwise provide a trap for the unwary claimant.' [Citations.] As such, it is construed in favor of relief whenever possible." (*Bettencourt*, at p. 275; see *N.G.*, at p. 73.) "In order to implement this policy, any doubts should be

7

resolved in favor of granting relief. . . . In light of the policy considerations underlying section 946.6, a trial court decision denying relief will be scrutinized more carefully than an order granting relief." (*Bettencourt*, at pp. 275-276; see *N.G.*, at p. 73; *J.J. v. County of San Diego*, *supra*, 223 Cal.App.4th at p. 1221.)

      B.    *The Trial Court Did Not Abuse Its Discretion in Denying Carmody's Petition*

      1.    *There Is No Dispute Regarding Accrual for a Jury To Decide*

Carmody argues that, in connection with his petition for relief from the six-month filing requirement, he was entitled to a jury trial on when his causes of action accrued and whether his claim was timely. The City argues Carmody forfeited this argument by failing to make it in the trial court.

Whether Carmody forfeited his jury argument depends in part on whether he was entitled to argue in this proceeding that his claim was timely. Courts, however, are split on "whether a [party] who files a section 946.6 petition seeking relief from the claim presentation requirement may assert that he [or she] actually submitted a timely claim." (*Simms v. Bear Valley Community Healthcare Dist.* (2022) 80 Cal.App.5th 391, 397.) Several courts have held section 946.6 does not authorize a court to relieve a plaintiff from the presentation requirement under section 911.2 by finding the plaintiff presented a timely claim. (See, e.g., *Ngo v. County of Los Angeles* (1989) 207 Cal.App.3d 946, 951 [a section 946.6 proceeding "is simply an avenue of relief . . . and is not designed to resolve the issue of actual compliance with the claim filing requirements"]; *Rason v.*

*Santa Barbara City Housing Authority* (1988) 201 Cal.App.3d 817, 827 [where a "claimant disputes the public entity's determination of untimeliness, the claimant must file a complaint for damages in order to raise this issue"].) Thus, Carmody may not have been able to argue in his section 946.6 petition that his claim was timely,[3] which would mean he did not forfeit the argument. (See *M.T. v. Superior Court* (2009) 178 Cal.App.4th 1170, 1177 ["[f]ailure to make a futile . . . argument" does not forfeit the argument on appeal]; see, e.g., *ibid.* [petitioner did not forfeit his argument he was entitled to a contested hearing where making that request in the trial court would have been futile under existing precedent]; see also *Alaniz v. Sun Pacific Shippers, L.P.* (2020) 48 Cal.App.5th 332, 342 [appellant did not forfeit the argument the trial court erred in refusing to give a

---

[3] Carmody could have filed a separate action in the trial court, argued his claim was timely under the discovery rule, and asked for a jury trial on that issue. (See *Simms v. Bear Valley Community Healthcare Dist.*, *supra*, 80 Cal.App.5th at p. 406 [claimant "could have taken the belt-and-suspenders approach of both filing a complaint alleging compliance with the claim presentation requirements *and* pursuing relief through his section 946.6 petition"]; *Santee v. Santa Clara County Office of Education* (1990) 220 Cal.App.3d 702, 712, fn. 6 [a petition under section 946.6 is not an election of remedies that precludes the petitioner from filing and pursuing a separate complaint alleging timely compliance]; *Ngo v. County of Los Angeles*, *supra*, 207 Cal.App.3d at p. 951 [same]; but see *Reyes v. County of Los Angeles* (1988) 197 Cal.App.3d 584, 595 [suggesting that filing a petition under section 946.6 is an election of remedies that precludes the petitioner from filing and pursuing a separate complaint alleging timely compliance].) There is no indication in the record, however, Carmody filed such an action.

jury instruction where making such a request would have been futile]; *Brannon v. Superior Court* (2004) 114 Cal.App.4th 1203, 1211 ["Where a court in plain and unambiguous language states in a written order that it will not entertain oral argument, a party is not required to object to the order before raising the issue in a writ petition or on appeal."].)  In light of this uncertainty in the law, forfeiture is not appropriate.

But even assuming Carmody could have asserted in the trial court that his claim was timely, he was not entitled to a jury trial.  Whether a petitioner under section 946.6 is entitled to have a jury determine when his causes of action accrued is (contrary to the City's argument) an unresolved issue.  (See *DeVore v. Department of California Highway Patrol*, *supra*, 221 Cal.App.4th at p. 460 [whether a petitioner in a section 946.6 proceeding is entitled to a jury trial on the date of accrual of a cause of action "is a recurring procedural dilemma"]; *Ovando v. County of Los Angeles* (2008) 159 Cal.App.4th 42, 65, fn. 8 [discussing the two lines of cases].)  Here, however, there was no disputed issue of fact for a jury (or a court) to decide:  Carmody conceded his causes of action accrued on April 14, 2022.  There were no disputed issues on accrual for a factfinder to decide.

Carmody argues he "repeatedly pled" he did not know the extent of his injuries until on or about October 2022.  Carmody did state he did not learn the full extent of his injuries until October 2022.  He made those statements, however, to support his assertion that, while his claim was (admittedly) *un*timely, the reason he failed to file his claim within six months was because of "mistake, inadvertence, surprise, and excusable neglect," not to argue his notice to the City was timely or in connection with a request for a jury trial on that issue.

Carmody cites four cases he claims support his argument a jury should have decided when his causes of action accrued. Each of those cases, however, involved petitioners who disputed the date on which their causes of action accrued in their initial application or petition (which Carmody did not do), filed a separate action alleging the petitioner's claim was timely (which again, as far as we know, Carmody did not do), or both. (See *Jefferson v. County of Kern* (2002) 98 Cal.App.4th 606, 610, 617 [petitioner was entitled in a separate action to have a jury determine the date of accrual, where the plaintiff alleged in his application for leave to file a late claim that his causes of action accrued after the date of injury]; *Santee v. Santa Clara County Office of Education* (1990) 220 Cal.App.3d 702, 711-712 [petitioner may have a right to have a jury decide whether a claim was timely filed "where the date of the accrual of the cause of action is disputed" or "upon appropriate demand by a petitioner" in the trial court]; *Ngo v. County of Los Angeles*, *supra*, 207 Cal.App.3d at p. 952 [petitioner who "consistently [took] the position that there was actual compliance" with the notice requirement could "proceed on a complaint which properly pleads compliance"]; *Scott v. County of Los Angeles* (1977) 73 Cal.App.3d 476, 484 [petitioner's application "contained allegations which, if true, would have tolled the running of the statute of limitations, and postponed the date of accrual of the cause of action"].) Because Carmody never contested the date on which his causes of action accrued, there was no dispute for a jury to resolve.

11

2. *Carmody Did Not Show He Exercised Diligence in Pursuing His Claim*

Carmody argues in his opening brief he "researched the statute of limitations to file a personal injury claim and reasonably believed that he had two (2) years from the date of injury to file a Complaint." "Despite his research," Carmody contends, he "had no knowledge of the [Government Claims Act] and the six-month statute of limitations relating to claims against government entities." Carmody also argues that "only after [he] hired legal counsel to pursue his claims" did he "learn[ ] that the defendant in his case was a government entity, that liability also lay with the City of Los Angeles, and that the [Government Claims Act] applied to his case." Carmody argues these statements show the trial court abused its discretion in finding he did not show reasonable diligence in pursuing his claim.

Even if those statements were sufficient to show a reasonably prudent person in Carmody's position would not have discovered he had six months from the date his cause of action accrued to file a claim with the City, there was no evidence to support any of the statements. The relevant portions of Carmody's (very short and untimely) declaration stated, "Initially my injury was to be treated non-operatively but ultimately I had to have surgery on October 16, 2022," and "I understood I had a two year statute of limitations from the time of injury in California." Carmody did not state he did any research on the statute of limitations, when he conducted such research, how or what he researched, or the results of that research. Carmody also did not state why he retained counsel or what he learned

12

from his counsel about the statute of limitations; he said only that he retained counsel in December 2022.

The assertions in Carmody's appellate brief do not remedy his inadequate evidentiary showing. "'[I]t is axiomatic that statements made in briefs are not evidence.'" (*Turrieta v. Lyft, Inc.* (2024) 16 Cal.5th 664, 697; see *In re Zeth S.* (2003) 31 Cal.4th 396, 413, fn. 11 [unsworn statements of counsel in an appellate brief are not evidence].) And even if Carmody had submitted a declaration that included the statements in his appellate brief, the power of an appellate court to take evidence under Code of Civil Procedure section 909 "'is never used where there is conflicting evidence in the record and substantial evidence supports the trial court's findings.'" (*J.J. v. County of San Diego*, *supra*, 223 Cal.App.4th at p. 1227, fn. 4; see *ibid.* [appellate court reviewing a trial court's order denying a petition under section 946.6 would not consider a medical report petitioner failed to submit in the trial court]; see also *Glassman v. Safeco Ins. Co. of America* (2023) 90 Cal.App.5th 1281, 1307 ["[d]ocuments not presented in the trial proceeding generally cannot be included as part of the record on appeal and must be disregarded on appeal as beyond the scope of review"].)

## DISPOSITION

The order is affirmed.  The City is to recover its costs on appeal.


                                        SEGAL, Acting P. J.


We concur:



        FEUER, J.



        STONE, J.

14