Filed 4/27/16  Rhoden v. County of Orange CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| LAWTIS DONALD RHODEN,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>COUNTY OF ORANGE,<br><br>    Defendant and Respondent. | G051321<br><br>(Super. Ct. No. 30-2014-00705339)<br><br>O P I N I O N |


Appeal from an order of the Superior Court of Orange County, Franz E. Miller, Judge.  Affirmed.

Lawtis Donald Rhoden, in pro. per., for Plaintiff and Appellant.

Lawrence Beach Allen & Choi, David D. Lawrence, Christina M. Sprenger, and Daniel S. Cha for Defendant and Respondent.

*        *        *

Lawtis Donald Rhoden appeals from the trial court's order denying his petition under Government Code 946.6 (all further undesignated statutory references are to this code) for a declaration he timely notified the County of Orange he intended to file a lawsuit seeking money damages for his alleged false imprisonment when he remained civilly confined under the Sexually Violent Predators Act. (SVP Act, or SVPA; Welf. & Inst. Code, §§ 6600 et seq.) But Rhoden misapprehends the nature and purpose of section 946.6, which invests the trial court with discretion to relieve a petitioner from *untimely* presentation of his or her claim "through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced . . . ." (§ 946.6, subd. (c)(1); cf. Code Civ. Proc., § 473.) Accordingly, the trial court was not required to entertain or decide Rhoden's assertion his notice to the county was timely; he could have put *that* claim to the test by filing his lawsuit, which the record suggests he never did. As we explain, the trial court did not err in rejecting Rhoden's alternative argument that *if* his notice to the county was untimely, he should be relieved under section 946.6 because he could not timely calculate a precise damages figure for his false imprisonment. We therefore affirm the trial court's order.

I

FACTUAL AND PROCEDURAL BACKGROUND

According to Rhoden's petition, in January 2013 after successive SVPA proceedings had resulted in his civil commitment for nine years at Coalinga State Hospital, a Department of Mental Health evaluator reviewed and updated her report to reflect her revised conclusion that Rhoden, now in his 60's, was not likely to reoffend upon his release. According to Rhoden: "At that point in time, [all] state SVP evaluators were of the opinion that [he] did NOT meet the SVPA criteria and was 'not likely to reoffend.'" (Second brackets added.) The record is not clear, but apparently the district attorney did not agree, and in the ensuing SVP commitment proceeding either located an evaluator who testified Rhoden remained a serious risk, or otherwise persuaded a jury the

2

evidence established he remained a risk.  The jury found on July 3, 2013, that Rhoden should remain confined as a sexually violent predator who was likely to reoffend.

Believing he should have been released from the state hospital immediately upon the evaluator's January 2013 update to her opinion, Rhoden sought to sue the county for false imprisonment during the six month period between January 2013 and the jury's verdict in July 2013.  He disagreed with the jury's finding he remained a sexually violent predator, but acceded to the jury's authority to make that determination, and therefore did not assert he was falsely imprisoned after July 3, 2013.  But he reasoned he should have been released pending the SVP trial because "[a] finding that an individual is 'likely to reoffend' is required by the SVP law to justify involuntary civil confinement or continued confinement."[1]

Rhoden presented his claim for false imprisonment to the county in a detailed letter to the county's Risk Management Office in October 2013.  He asserted he was entitled to $286,000 in false imprisonment damages. The county concluded the claim arose in January 2013, and therefore rejected it on grounds Rhoden had presented it late because more than six months had elapsed.  (See § 911.2 [tort claims must be presented "not later than six months after the accrual of the cause of action"].)  Rhoden then filed an application with the county later in October 2013 for leave to present a late claim (§§ 911.4, 911.6), which the county denied.

Rhoden then sought in the trial court a determination under section 946.6 that he had timely presented his claim to county officials (§§ 945.4, 911.2), which the court denied, and Rhoden now appeals.

---

[1]  The county quotes Supreme Court authority stating that "[m]andatory dismissal is not required where one or both of the later evaluators conclude the individual does not meet the criteria for commitment." (*Reilly v. Superior Court* (2013) 57 Cal.4th 641, 648.)  But as we explain, the underlying merits are not at issue in a petition under section 946.6.  Instead, the question is simply whether the trial court in its discretion should grant the petitioner relief if he or she has presented an untimely claim to local government officials before filing his or her lawsuit.

II

DISCUSSION

Rhoden contends the trial court erred in denying relief under section 946.6 because his notice to county officials of his potential tort claim was timely because it was within six months of the accrual of his false imprisonment cause of action. In the alternative, if his notice was untimely, he contends he should have been excused because he needed the additional time to calculate damages for his false imprisonment. Neither argument has merit.

Section 945.4 enacts a claims presentation requirement before a plaintiff may sue a public entity for monetary damages. It states, in pertinent part: "Except as provided in . . . [section] 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon" or "deemed to have been rejected" by the entity. Section 911.2 requires that tort claims must be presented to the public entity within six months of "the accrual of the cause of action." The purpose of the claims presentation requirement is to give a public entity early notice of potential liability for money damages "to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." (*City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 455.) "The requirement also 'enable[s] the public entity to engage in fiscal planning for potential liabilities and to avoid similar liabilities in the future.'" (*Lozada v. City and County of San Francisco* (2006) 145 Cal.App.4th 1139, 1151.)

Section 911.4 provides that if a public entity concludes a claim is untimely and denies it, the person asserting the claim may file an application with the entity for leave to present a late claim on grounds including "mistake, inadvertence, surprise or excusable neglect." (§ 911.6, subd. (b)(1).) If the public entity denies the application (§ 911.6), as the county did here, the person may file an application in superior court for

4

relief on similar grounds, including "mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner from the [timeliness] requirement[.]"[2] (§ 946.6, subd. (c)(1).)

Rhoden's superior court application under section 946.6 made no mention of "mistake, inadvertence, surprise or excusable neglect" as the governing standard. The closest he came was his assertion that "[i]t would have been impossible to state the specific amount of damages now stated in the instant claim until the continuing violations that started on January 31, 2013 stopped on July 3, 2013." In other words, Rhoden argued that if he missed the six-month claims notice deadline, it should be excused as an honest mistake because he had to wait until his false imprisonment concluded with the jury's verdict on July 3, 2013, in order to ascertain the sum total of his false imprisonment damages to that ending date.

But the thrust of Rhoden's application was that his notice to the county in October 2013 was not late at all. To the contrary, he asserted the claims presentation period did not commence in January 2013 as the county assumed, but instead in July 2013 with the jury's verdict. Based on this starting point, his October 2013 notice fell well within the six month claims presentation period. Rhoden therefore argued from the premise that his notice was not late at all.

Rhoden advanced two legal theories to support his contention his claim did not accrue until the jury's verdict in July 2013. First, he relied on the doctrine of equitable tolling, which he explained "applies '"[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one."'" (Quoting *McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 100.) Under this theory, Rhoden argued the claim presentation period should be tolled because it was important

<hr />

2      The parties agree the other grounds on which the court may grant relief are inapplicable. (§ 946.6, subd. (c)(2)-(4).)

for him to pursue the "remedy" of attempting to win his liberty by defending himself in the SVP proceeding between January and July 2013, and only after that proceeding concluded, to turn his attention to his false imprisonment claim against the county.

Secondly, Rhoden also asserted in his application under section 946.6 that his notice to county officials was timely on the theory his alleged false imprisonment was a "continuing violation" and therefore did not accrue at the outset of his unlawful detention, but instead when it concluded. On this theory, the jury verdict in July 2013 rendered his detention *after* that date lawful, but acted as a trigger or accrual date for the preceding period in which he claimed he was unlawfully detained. Rhoden contended in his application: "The continuing violation doctrine aggregates a series of wrongs or injuries for purposes of the statute of limitations, treating the limitations period as accruing for all of them upon commission or sufferance of the last of them." In the alternative, he argued that even if a portion of his false imprisonment claim was time-barred, he retained a claim for the remaining period within six months of his October 2013 notice. For example, even if the period of January through March 2013 predated his notice by more than six months, the April through July 2013 period did not.

The fundamental flaw in Rhoden's section 946.6 application is that he was not seeking relief for untimely notice on the basis of mistake or excusable neglect, which is the remedy that section offers. Section 946.6 is "*not* designed to resolve the issue of actual compliance with the claim filing requirements," including timeliness, but instead "is simply an avenue of relief similar to Code of Civil Procedure section 473 in providing relief from default." (*Ngo v. County of Los Angeles* (1989) 207 Cal.App.3d 946, 951, italics added.) As another court has explained: "An argument that one filed a timely claim is inconsistent with a petition for relief under section 946.6, since such petition necessarily follows the denial of an application for leave to file a late claim. . . . [¶] There is a proper forum for raising the issue of substantial compliance with the claim filing requirements of sections 911.2 and 945.4. One who has a cause of action against a

public entity for personal injury or property damage, and who has filed therewith a timely claim substantially complying with the requirements of sections 911.2 and 945.4, should file a complaint against that public entity within the appropriate statutory period and in the appropriate court. The complaint should allege that a timely claim for damages has been filed with the defendant." (*Toscano v. County of Los Angeles* (1979) 92 Cal.App.3d 775, 783 (*Toscano*).)

Put another way, the claim presentation statute (§ 945.4) lists two criteria before the claimant may file a lawsuit instead of settling with the public entity before litigation, namely, a "written claim . . . presented to the public entity" and its rejection. Once that happened, back in October 2013, Rhoden was entitled to file his complaint for false imprisonment in court (*Toscano*, *supra*, 92 Cal.App.3d at p. 783), and in doing so assert the timeliness of his notice (§ 911.2) either at the outset or if the county raised it. But it does not appear Rhoden filed the underlying lawsuit.

In any event, just as the merits of an underlying claim have nothing to do with whether the claimant is entitled to relief under section 946.6 for untimely notice, section 946.6 has nothing to do with assertedly timely notice. Instead, the express purpose of the statute is to provide a means for ascertaining whether the court in its discretion should relieve a claimant from untimely notice on the basis of mistake or excusable neglect.

To the extent Rhoden asserted he was entitled to relief for an untimely claim because he believed he needed to provide the county with an accurate calculation of his alleged false imprisonment damages, and therefore had to wait until he was no longer falsely imprisoned to tally the total amount, the trial court did not err in denying relief. Rhoden's assertion he needed to calculate his $286,000 claim with precision was unreasonable. The governing statutory provision clearly states: "If the amount claimed exceeds ten thousand dollars ($10,000), no dollar amount shall be included in the claim."

(§ 910, subd. (f).) Rhoden's mistake, even if an honest one, was unreasonable, and therefore furnished no grounds for relief.

III

DISPOSITION

The trial court's order denying Rhoden's section 946.6 petition is affirmed. The parties shall bear their own costs on appeal.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.